Ruffin, C. J.
 

 Mrs. Rebecca Hill made her will and therein bequeathed as follows: “ It is my wish, that all my property be equally divided among my grand-children, that are living at the time of my death; and that their parents have the use of it as long as they live.” The testatrix had had six children. A daughter had married James B. Urquhart and died, leaving her husband and children, who survived the testatrix. Another daughter married George E. Spruill, and he died just before the testatrix. The other four, two sons and two daughters, were married and had respectively unequal numbers of children at the death of Mrs. Hill.
 

 The property consisted entirely of personalty, and chiefly of forty-one negroes.
 

 The bill was filed by an administrator with the will annexed, and brings before the Court James B. Urquhart and his children, Mrs. Spruill and her children, and the two surviving sons and their wives and children, and the other two daughters and their husbands and children; and the object of it is to obtain a declaration of the rights of the several legatees under the will, and the duties of the administrator and directions to him upon certain points stated.
 

 The first is, whether the estate is to be divided
 
 per capita
 
 among the grand-children, and then the shares allotted to each family of grand-children be enjoyed by their parents for life ; or, whether the division is to be among the parents equally, with remainders in their respective shares, after their deaths, to their respective families of children that were living at the death of the testatrix, so
 
 *246
 
 as to make the grand-children take per
 
 stirpes.
 
 The Court is of opinion, that the division is to be equally among the grand-children according to their whole number, allotting to each an aliquot part. The authorities are decisive, that they take per
 
 capita,
 
 as the gift is to them under the common denomination of
 
 “
 
 my grand-children,” with a direction for “ an equal division” among them. It is not necessary to refer to other cases than those, which have been before the Court at recent periods, as in them the point was sufficiently discussed and most of the previous cases cited.
 
 Freeman
 
 v.
 
 Knight, 2
 
 Ired. Eq. 72.
 
 Bryant
 
 v.
 
 Scott,
 
 1 Dev. & Bat. Eq. 155.
 
 Ward
 
 v.
 
 Stowe, 2
 
 Dev. Eq. 509. It was, indeed, said at the bar, that this case might be taken out of the rule, because there is a gift to the respective parents of the several families of grandchildren, which, though not coming first in the will, is really and necessarily prior to that to the grand-children themselves, as it is to be first enjoyed; and it was insisted, that this would enable the Court to make the division among the grand-children
 
 per stirpes.
 
 But the argument goes too far, so as to show it to be clearly wrong. For if the division be between the parents of the grand-children, then each person within that description takes, and, consequently, where both of the parents are alive, the grand-children of that family would have double as much as those who had but a single parent living: which would produce the very inequality between the families, against which the argument is directed. The donation' - to the children of the testatrix and their husbands and wives is not, in truth, made to them as such, but as being “ the parents of the grand-children, then living,” whose shares their respective parents are to enjoy during their lives. The division is therefore to be made immediately among the grand-children per
 
 capita;
 
 but the enjoyment, during the lives of their respective parents or the survivor of them, is
 
 to
 
 belong to the respective parents, and then go into possession of the grand-children them
 
 *247
 
 selves. But, although the share of each grand-child is measured, in point of value, by dividing the property by the whole number of grand-children, yet, as the grandchildren do not come to the enjoyment, as long as their respective parents or the survivor of them be alive, it is not necessary that, as between the grand-children themselves of a particular family, such a division should be made, as would allot to each of them particular slaves,
 
 in presentí.
 
 On the contrary, in order to equalize the loss and gain from the death or birth of slaves, it would be most prudent, that those allotted to all the grand-children of the same family should be thrown together or remain as one stock, until their period of enjoyment shall arrive by the death of both their parents — when they can divide among themselves.
 

 The next question raised in the bill, is, whether both of the parents of the several sets of grand-children take, or whether only such parent as was a child of the testatrix. From what has been already said, it will have been seen, that the Court is of opinion, that all the pa» rents, whether a son or daughter of the testatrix, or his or her wife or husband, take the slaves of their respective children. The gift is to them as “ their parents,” and that includes all and each of their parents. The testatrix did not mean, that, while a parent of one of her grand-children was living, the grand-child should possess the means of living and acting independent of the parent.
 

 The plaintiff likewise presents a point, as to the interests of the parents as between themselves. But, although there does not seem to be much difficulty in it, , the Court deems it improper to make any declaration on it in this cause, because it is a question between the husbands and wives exclusively, and docs not concern the administrator, who therefore has no right to raise it. No controvery can arise on the point, unless one of the married ladies should survive her husband; and it will be time enough, when asked by her and the husband’s cx
 
 *248
 
 ecutor, to determine whether the life estate in the shares of their children survived to her or went to the
 
 ex- ■
 
 eciitor.
 

 Per Curiam.
 

 Declared accordingly.