Daniel, J.
 

 It seems to us, that the Court could only proceed in this petition on a dissent, declared and entered according to the words of the statute : that is, when a widow is dissatisfied with the last will and testament of her husband, she may signify her dissent thereto, before
 
 *73
 
 the Judge of the Superior Court, or in the County Court where she resides,
 
 in open Court,
 
 within six months after, the probate of the said will. There is no
 
 proviso or saving
 
 in the statute, that in case the. widow be a lunatic, then her committee may dissent for her. When the Legislature has not thought proper to insert such a
 
 proviso
 
 in the Act, it seems to ns, to be asking of the Court too much, for it to tack such a
 
 proviso,
 
 by way of construction,
 
 to
 
 the statute. In the case of
 
 Hinton
 
 v.
 
 Hinton,
 
 6 Ired. 224, we held, that a widow could not dissent from her husband’s will by attorney, and that she must be,
 
 personally present in open Court.
 
 The object was, to have record evidence, both as to the time and the fact. How can it be said, that the widow was dissatisfied with her husband’s will, when she was at the time a lunatic, and. incapable of a rational satisfaction or dissatisfaction with it. The dissent was not hers, but that of the guardian. It is but justice to state, that the testator had left a considerable legacy to his son,, (the defendant,) and directed him (in the will,) to support his, the testator’s wife, for her life. Whether the directions to the son, to maintain the wife of the testator, is a
 
 charge
 
 on the legacy given to the son, or whether she could or ought to have an
 
 election to
 
 take that interest, or a distributive share of her husband’s estate, are questions that a Court of law, certainly has no jurisdiction to decide on. The judgment of the Court, dismissing the petition, was, in our opinion correct, and judgment must be affirmed..
 

 Pep Curiam, ' Judgment affirmed,