The bill is filed for the settlement of the estate of Levin Lane, of New Hanover County, and the answer of the executor submits an inquiry in reference to two paragraphs of the will, a proper understanding of which is necessary to enable him to make settlement. The paragraphs are the fifth and sixth, and are in these words:
"5. I give and bequeath unto my grandchildren, the children of my deceased daughters, Eliza, Augusta, Susan, and Virginia, all the rest, residue, and remainder of my negroes, to be equally divided between them, share and share alike, to have and to hold, etc.
"6. It is my will that my plantation be sold by my executors, hereinafter mentioned, and the proceeds of the sale thereof invested for the benefit of my beloved wife, Margaret, during her life; and, upon her death, that the said proceeds be distributed equally between my children, Thomas, Walter, and Margaret, and the children of my deceased daughters, Eliza, Augusta, Susan, and Virginia, share and share alike."
The inquiry is whether, in these paragraphs, the grandchildren take percapita, or per stirpes.
To our minds, the words, in themselves, clearly import a purpose to giveper capita, and upon an examination of the entire will we find nothing to unsettle this manifest import.
Analogous cases were before this Court in Hill v. Spruill, 39 N.C. 244, and Harris v. Philpot, 40 N.C. 324, in both of which many auhorities [authorities] are cited and reviewed. They are decisive of the point that (632) when a bequest is to grandchildren or children and grandchildren, eo nomine, with directions that there shall be an equal division among them, they take per capita and not per stirpes.
The purpose to give to each of the individuals embraced by the language an equal share is more clear in the case before us than in any of the cited cases examined by me, by the addition of the words, "share and share alike," which cannot be satisfied except by equality, per capita. *Page 415 
 Spivey v. Spivey, 37 N.C. 100, does not conflict with the current of authorities. That case turned upon the force of the word "heirs," and more especially upon a plain intent to be gathered from the context of the will, that the heirs spoken of were, as a class, to account, and be accounted to, for advancements; and that in the settlement of that estate they were to be regarded as an unit.
The Court, then, is of opinion that the division directed in the fifth paragraph of the will should be equally among the grandchildren, according to their whole number, alloting to each an aliquot part.
And that the division directed in the sixth paragraph should be made upon the same principle among the children and grandchildren, according to their whole number, alloting to each an aliquot part.
Let a decree be drawn to this effect; the costs to be paid by the executor, out of the estate.
Cited: Thomas v. Lines, 83 N.C. 199; Culp v. Lee, 109 N.C. 677.
NOTE. — As to when the division is per stirpes, and when percapita, vide Grandy v. Sawyer, 62 N.C. 8; Harper v. Sudderth, ib., 279;Waller v. Forsythe, ib., 353; Britton v. Miller, 63 N.C. 268; Tuttle v.Puitt, 68 N.C. 543.