STATE *ex rel.* A. W. LAWRENCE and others *v.* W. H. MORRISON, Administrator of J. A. ROSEBORO and others.

A guardian in good faith sold, on a credit of twenty days, the cotton of his wards, taking from the purchaser his note without security for the price of the cotton, the purchaser being at the time of the sale solvent and the owner of real estate, but before the note was collected became insolvent and unable to pay the note: *Held*, that his *bona fides* being established, he was not liable to his wards for failing to collect the amount for which the cotton sold.

CIVIL ACTION, heard upon the report of the commissioner and the exceptions thereto before *Mitchell, J.*, at Fall Term, 1872, of IREDELL Superior Court.

The " case stated," accompanying the transcript to this Court, is in substance what follows :

Alexander R. Lawrence, late of Iredell county, died intestate in 1862, leaving ten children, his only heirs and next of kind, and of whom the four relatives in this action were minors. At November Term, 1862, of the County Court of Iredell, J. A. Roseboro, the intestate of the defendant, Morrison, was appointed guardian to said minors, and gave a bond of $40,000, with defendants, Simonton, Jameson, and one Alexander, the intestate of defendant, Stephenson, as his sureties, for the faithful discharge of his duties, &c. The relatives are now of age, having so arrived since 1865, and there having been no final settlement with their said guardian, brought this action to Fall Term, 1871, demanding an account, &c. Defendants answered at the same term ; and at the term thereafter it was referred to one E. M. Stevenson to state an account between the parties, and report the same to the ensuing Fall Term of said Court. The account was stated and duly returned, and by which it appears :

That among other property of the said A. R. Lawrence, father of the relators, was a two-thirds interest in a cotton factory in Yadkin connty, known as the Buck Shoal Factory; one A. B. F. Gaither owning the other third therein. That in June, 1864, Gaither and Roseboro, as guardian of the relators, and the other next of kin of A. R. Lawrence, their said father, formed a new copartnership known as "A. B. F. Gaither and Co.," for the purpose of carrying on said factory, which they did until April, 1865, when it was destroyed by the Federal forces, under General Stoneman. That during that time the firm invested a portion of the profits in cotton, which was brought to Statesville and re-sacked under the supervision of Roseboro, who lived there at the time ; there was, belonging to the firm 17,143 pounds of cotton, which was disposed of by Roseboro as follows : Dr. Lawrence for himself and sister, two of the said heirs and next of kin, received 2,264 pounds ; A. B. F.

Gaither, of his third, 4,093 pounds, leaving still due to him 1,621 pounds; sold to Simonton & Tate (by Roseboro) 5,502 pounds at 25 cents per pound in gold, out of which he paid expenses, and also paid Gaither the remainder due to him; leaving still on hand 5,380 pounds, which he sold to one A. A. Harbin, on the 6th November, 1865, at 32 cents in gold, amounting to $1,721.60, the said Harbin giving his note, without security at thirty days, to A. B. F. Gaither & Co. That Roseboro held this note until the Fall of 1866, when he endorsed the same, "Pay to R. F. Simonton for value." Signed A. B. F. Gaither & Co.," and placed the same in the hands of an attorney for collection. In October, the 22d, the attorney sued to November Term, 1866, of the County Court, and at February Term ensuing, obtained judgment; an execution issued, but Harbin becoming insolvent, nothing thereon could be recovered. That at the time he purchased the cotton, Harbin was solvent, owning real estate worth 2,000 or 2,500 dollars, with cash probably from 4 to 500 dollars, and was generally reputed solvent. At the time of this sale, Roseboro sold to Harbin his own individual cotton, to the amount of $696,50 upon the same terms and credit. Harbin the same day bought cotton from a Mr. Vanpelt, at 50 cents in greenbacks, amounting to $12,000, giving Vanpelt a draft on Sacket, Belcher & Co., of New York, to whom he, Harbin, shipped the cotton; that Harbin bought other lots of cotton, for which he paid part, &c.

Upon the above facts, the commissioner found that Roseboro acted in good faith, and as the agent of the company of A. B. F. Gaither & Co., and refused to charge him, Roseboro, with the value of the cotton sold to Harbin, or with the excess of the shares of Dr. Lawrence and his sister. Plaintiffs excepted. The points raised by the exceptions are stated in the opinion of the Court.

From the order of his Honor, confirming the report, and

giving judgment upon the basis of the same, the plaintiffs appealed.

It was admitted that the defendant, Morrison, was the regularly appointed administrator of Roseboro, and that the defendant Stephenson, is the administrator of Alexander, who is deceased.

*Furches,* for appellant.
*Caldwell, McLaughlin* and *Armfield,* contra.

PEARSON, C. J. Upon the evidence, the commissioner finds facts, " that Roseboro acted in good faith, and as the agent of the company of A. B. F. Gaither and Co.," and upon these facts, as a conclusion of law, he held that the defendants, (who stand in the shoes of Roseboro as guardian of the relators,) were not chargeable with the value of the cotton sold to Harbin, or with the excess of the shares of Dr. Lawrence and Mrs. Long."

We are to take it that his Honor adopted the finding of the commissioner as to the facts, and also that he concurred in his conclusions of law, by overruling the exceptions.

In this case we see no error. Roseboro was the guardian of the relators, and also the agent of the company of A. B. F. Gaither & Co. In the latter capacity he sold the cotton, and as he acted in good faith, there is no ground upon which he can be made liable for error in judgment in selling to a speculator on time at a high price, instead of retaining it or selling it at a lower figure for cash, or to some one, who would agree to give a note with good security. It will be remarked that the *bona fides* of Roseboro is proved by the fact that he sold his own cotton to this speculator upon the same terms, and lost that as well as the cotton which he sold as agent of the company.

As Roseboro, in making sale of this cotton, was acting not

in his capacity of guardian of the relators, but as agent of the company, the action was misconceived. Instead of being upon the guardian bond, it would seem that it ought to have been an action against the other members of the company for contribution, on the ground that as they had received from the agent their shares of the cotton in full, and by reason of the loss on the sale of the last lot of cotton, the relators had received nothing, the loss should fall ratably upon all of the members of the company, leaving the guardian bond as a "*dernier resort,*" in case the other members could not pay a ratable contribution, on which to allege a breach, that the guardian was guilty of negligence, in letting the other members take their shares in full out of the first sales, and permitting the shares of his wards to be put off until the last, which turned out to be a losing operation.

There is no error.

PER CURIAM.                     Judgment affirmed.

NOTE.—We are pleased to see that the intelligent counsel who made up the statement of the case set out only so much of the evidence as was necessary to show the finding upon the issues of fact, and do not encumber the record with all of the evidence, which overloads the case, increases the costs of litigation, and is very embarrassing to this Court.

PEARSON, C. J.