SALLIE A. COOK v. JOHN T. SEXTON, Adm'r.

*Year's Support—Adultery—Statute of Limitations.*

1. A widow is not barred of her right to a year's support, under the act of 1871-'72, ch, 193, § 44, by reason of adultery committed prior to the passage of the act.

2. An application for years' support made after the expiration of twelve months from the death of the husband, is barred by the statute of limitations, Battle's Revisal, ch. 117, § 18.

(In § 26, ch. 117, Bat. Rev. the first sentence ends with the word "prescribed;" the word "without" is the first word in the next sentence and should be spelt with a capital " W.")

(*Walters* v *Jordan,* 12 Ire. 170, cited and approved. See same case, 13 Ire. 361; in respect to forfeiture of dower.)

PETITION for year's support, commenced in the Probate Court and heard on appeal at Spring Term, 1878, of NASH Superior Court, before *Seymour, J.*

*Case Agreed:* The plaintiff is the widow of C. L. Cook who

20

died intestate in 1872. Letters of administration were granted to the defendant, who qualified on the 7th of December, 1872, and entered upon the discharge of his duties as administrator ; and within twelve months thereafter the widow applied to him to have her year's support allotted according to law, which the defendant refused upon the ground,—that in the life time of her husband the plaintiff was guilty of adultery, and at the time of his death an action for divorce was pending in Northampton Superior Court in favor of said intestate and against the plaintiff ; and also for the reason that he has been advised that plaintiff can not recover in this action, for that, it was not brought within twelve months after the defendant qualified as administrator. The summons in this case was issued on the 1st of October, 1877, and served on the defendant on the 12th of the same month. The plaintiff was guilty of the adultery in 1864 or '65, and as soon thereafter as the said intestate ascertained the facts to be true, he separated from her and never received her as his wife again, but in 1872, brought the said action for divorce. The plaintiff has received no part of the personal estate of the intestate for the support of herself and three children, all of whom are under the age of fifteen years and are living with her. The said personal estate is not and never has been worth $2,000, but there is now in the hands of the defendant about $600, out of which the plaintiff is entitled to her year's support, if entitled at all.

The Probate Judge decided that the plaintiff was not entitled to recover, His Honor affirmed the judgment and dismissed the proceeding, from which ruling the plaintiff appealed.

*Mr. W. C. Bowen,* for plaintiff.
No counsel for defendant.

RODMAN, J. Several objections are made to the plaintiff's

recovery: 1. In 1864 she committed adultery whereupon her husband separated from her and they have not lived together since. It was held in *Walters* v. *Jordan*, 12 Ire. 170, that under the Rev. Code ch. 118, §§ 11, 18, a widow did not forfeit her right to a year's provisions by her adultery as she did her dower.

The law was amended in this respect by the act of 1871–'72, ch. 193, § 44, by which adultery was made to cause a forfeiture of her year's provisions and distributive share as well as her dower. This act does not apply in the present case, because the adultery was committed before its enactment. The language of the act is prospective,—"if any married woman *shall* elope with an adulterer" &c. It does not appear whether the husband died before the ratification of this act on the 12th of February, 1872, or not, probably afterwards. But she had at least a contingent right to a year's provisions in case of her surviving him, which the legislature might have taken away; but apparently it did not intend to do so, and we are not justified in putting a construction on the words beyond their apparent meaning when the effect would be to take away even an incoherent right.

2. The plaintiff within a year after the decease of her husband, applied to the administrator to assign her a year's provisions. He however refused or neglected to do so, and this action was brought in October, 1877, more than five years after the husband's death. It is objected that it can not be maintained because not brought within a year. And such is our opinion

There must be some term of time applicable to the claim of every right within which it must be sued for. The policy of the law will not permit any demand to exist in perpetuity or indefinitely, unless legally asserted. In the present case that term of limitation must be one of three,—either that of one year from the origin of the right by the death of the husband, or of two years, at the end of which the adminis-

·trator is required to settle the estate and pay to the distribu-
tees, or ten years after which all claims (in general) are
presumed to have been satisfied or abandoned. We think
that the act of 1868–'69, ch. 93, (Bat. Rev. ch. 117) clearly
fixes the first of these. § 14 gives a year's provision to a
widow. §§ 16–25, fix the amount where the personal estate
does not exceed $2,000, at $300, &c. § 18 makes it the duty
of an administrator, on application in writing by the widow,
*within one year after the decease of the husband,* to assign her
year's provisions in the manner, and to the value prescribed.
§§ 26, 28, provide that when the estate is solvent and the
personalty exceeds $2,000 the widow is not confined to ob-
taining her year's provision by applying to the adminis-
trator under § 18, but she may, without such application,
or, after having upon such application received the sum
allowed upon it, apply to the Probate Court to have a
year's provision, either original or additional; *but she must
do so within one year after the decease of her husband.* (Note—
In § 26, as printed in Bat. Rev., there is a serious misprint
which mars the sense. The first sentence, properly, and in
the original act, ends with the word "prescribed," and the
word "without" is the first word in the next sentence and
should be spelt with a capital "W.")

It is seen that there is no direct statement of the time in
which an action must be begun, when the administrator
refuses to assign upon the demand of a widow duly made.
The case seems not to have been anticipated by the legis-
lature.

It is impossible to infer from the mere omission of the
legislature expressly to prescribe a limitation for a case so
unlikely to occur, that it intended to allow a widow any
time short of ten years, (long before the expiration of which
the estate is required to be and generally is, settled up)
within which to bring her action to compel the administra-
tor to do his duty.

COOK *v.* SEXTON.

Unless this was the intent, the limitation of the plaintiff's action must be either one year or two, and in either case, she is barred.

We think, however, that the intention of the act may be inferred with reasonable certainty to limit the widow to one year for commencing any action to recover her year's provision. In every case which the legislature anticipated and expressly provided for, the limit is one year. The evident intent of the allowance is to provide for the widow and her family, a support for the *first* year after her husband's death, as nearly as that can conveniently be done. The administrator is required within one year to ascertain as nearly as he can, all the liabilities of the estate, which includes this. If an estate be able to pay all its liabilities, the administrator may do so at once without any proceeding in the Probate Court, yet the solvency or insolvency of the estate may depend on the legality of the widow's claim. It is impossible not to see that if a widow can keep her claim alive for more than one year without commencing an action, the administrator will be seriously embarrassed in his management of the estate. By the end of two years the administrator is required if practicable to have paid off all the liabilities of the estate, and to pay over to the distributees their shares. This would be impracticable if the widow has any time short of two years to bring suit in. He could not protect himself from her claim, or protect her by a refunding bond, for this only covers *debts of the intestate* of which the widow's claim is not one. The claim is barred by the statute of limitations.

No error                              Judgment affirmed.