SALOME LEONARD v. SAMUEL H. LEONARD, Executor.

*Divorce— Year's Provision— Widow.*

When the wife commits adultery, and is not living with the husband at the time of his death, she is barred of the right to "year's provision." *The Code,* § 2116.

This was an action begun before the Clerk, and tried before *Bynum, J.,* at March Term, 1889, of GUILFORD Superior Court.

Defendant appealed.

*Messrs. J. H. Dillard* and *James E. Boyd* (by brief), for plaintiff.

*Messrs. John W. Graham* and *L. M. Scott,* for defendant.

CLARK, J.: This was a proceeding by the plaintiff, claiming to be the widow of James Leonard, against the executor,

to require him to give bond and to allot to her a year's provision, alleging that he had refused to do so upon her application.    The jury, in response to issues submitted, found that the plaintiff committed adultery prior to 1868, and had not since lived with her husband, and was not living with him at his death.

It is unnecessary to consider the other exceptions, as upon the issues found we think judgment should have been entered for the defendant.    *The Code,* § 2116, provides "If any married woman shall commit adultery, and shall not be living with her husband at his death, she shall thereby lose all right to a year's provision, and to a distributive share from the personal property of her husband, and such adultery may be pleaded in bar of any action or proceeding for the recovery of such rights and estates."

Formerly the adultery of the wife, and living separate from her husband at the time of his death, ousted the woman of her dower (statute 13 Ed. I; *Walters v. Jordan,* 13 Ired., 361), but did not deprive her of her year's provision and distributive share of the estate.    *Walters* v. *Jordan,* 12 Ired., 170.    In 1871–'72, ch. 193, § 44, it was enacted that if any married woman shall elope with an adulterer, she shall thereby lose all right to dower, year's provision and distributive share.    In *Cook* v. *Sexton,* 79 N. C., 305, this act was construed by the Court, which held it to be entirely prospective, and not applicable when the elopement had taken place prior to the passage of the act, but also held that the Legislature might, by the use of appropriate words, have taken away the inchoate right to dower and year's provision.    *The Code* of 1883 does not re-enact the act of 1871–'72, above cited, but in section 2116 it uses, in regard to year's provision and distributive share, the language *verbatim* used in section 2102 in regard to forfeiture of dower.    The forfeiture, by these sections, takes effect, not when the wife shall commit adultery, but when she does so and "shall not be living

with her husband at his death." It leaves open to her the door of condonation and pardon, and it stands open, and the forfeiture is not complete till the death of the husband without the reconciliation and return of the wife. Here the act was passed in 1883, the death of the husband took place in 1887. If the words should be taken as prospective, still the forfeiture was incurred and completed many years subsequent to the adoption of the statute. In its wording it essentially differs from the act construed in *Cook* v. *Sexton*, and that decision has no application.

*Per Curiam.*                                    Error.