J. W. CULP AND WIFE et al. v. D. P. LEE, EX'R OF THOMAS RUSSELL.

*Will — Devise — Guardian and Ward — Administration — Statute of Limitations.*

1. Under a devise, in a residuary clause, that the surplus of testator's estate should be equally divided between P., M. and the children of S., " share and share alike, to each and every of them, their executors, administrators and assignees absolutely forever," the devisees took *per capita,* and a child of S., born after the testator, was entitled to share with the other children.

2. If a guardian has received from an executor or administrator a less sum in settlement than was due, the ward may sue either the guardian or the executor or administrator for the unpaid amount; and the fact that a settlement had been made between the guardian and the executor is not conclusive in an action by the ward against such executor or administrator, its only effect being to impose the burden on the ward of showing that the settlement with the guardian was not a complete payment of the amount due.

3. Where an executor filed his final account in 1876, and the distribu-
   tees, who then and until they became of age, had a guardian, did
   not bring suit for an alleged balance due under the testator's
   will until 1891: *Held*, the action was barred by the statute of
   limitations.

This was a CIVIL ACTION to recover a sum of money due
the plaintiffs under the will of Thomas Russell, tried at the
Fall Term, 1891, of the Superior Court of MECKLENBURG
County, before *Hoke, J.*, who upon agreement of the parties
found the facts, trial by jury being waived. The action was
commenced in February, 1891.

It was admitted on the part of defendant that the *feme*
plaintiff was twenty-two years of age and married before
coming of age, and the male plaintiff twenty-five years of
age at the time of trial, and on behalf of the plaintiff that
D. P. Lee, executor of Thomas Russell, filed an account Decem-
ber 19th, 1876, in the Clerk's office of said county, showing
a balance in his hands of $1,310.46, which said sum was
thereupon equally distributed among Philip J. Russell, Mary
Russell and Charles Stanford, guardian for the children of
Martha Stanford, in three equal parts.

Upon the pleadings, admissions and evidence, after argu-
ment by counsel, his Honor found, as conclusions of law—

1. That the children of Martha Stanford were entitled,
under the will of Thomas Russell to participate *per capita*
and not *per stirpes* in the distribution of the personal estate
of said Thomas Russell.

2. That the child of Martha Stanford, born the day after
testator's death, was entitled to share with the other chil-
dren.

3. That plaintiffs' cause of action was not barred by the
statute of limitations, and that the cause of action existed
against the defendant.

The defendant excepted. Judgment was, thereupon, ren-
dered for the plaintiffs, and defendant appealed.

The defendant assigned as error—

1. That his Honor found, from the evidence, that the plaintiffs' cause of action was against the defendant, and not against their guardian Thomas Stanford.

2. That he found that the plaintiffs' cause of action was not barred by the statute of limitations.

3. That he found that Henry Stanford, the child of Martha Stanford, born after testator's death, was entitled to share in the distribution under the residuary clause of the will.

4. That his Honor found that under the will of said Thos. Russell, the children of Martha Stanford were entitled to take *per capita* and not *per stirpes.*

The clause in the will of Thomas Russell, pertinent to the questions decided, is set out in the opinion.

*Messrs. E. T. Cansler* and *J. A. Bell* (by brief), and *C. W. Tillett,* for plaintiff

No counsel *contra.*

CLARK, J.:

1. The direction in the residuary clause that the " surplus shall be equally divided and paid over to Philip J. Russell, Miss Mary Russell and the children of my niece Martha, wife of Charles Stanford, in equal portion, share and share alike, to them, and each and every of them, their executors, administrators and assigns absolutely forever," was properly construed as a devise *per capita,* and not to the children of Martha Stanford *per stirpes* as a class.   The authorities, *Bryant* v. *Scott,* 21 N. C., 155;  *Cheeves* v. *Bell,* 54 N. C., 234;  *Harrell* v. *Davenport,* 58 N. C., 4;  *Hill* v. *Spruill,* 39 N. C., 244;  *Waller* v. *Forsythe,* 62 N. C., 353;  *Harris* v. *Philpot,* 40 N. C., 329;  *Lane* v. *Lane,* 60 N. C., 630;  *Ward* v. *Stow,* 17 N. C., 509, and other cases cited by counsel, are in point.   There is nothing in the will which takes this case out of the settled rule of construction.   The intention of the testator expressed

that the surplus should be "equally divided" between the beneficiaries, Philip Russell, Mary Russell and the children of Martha Stanford, and that they shall take "in equal portion, share and share alike, to them and *each and every of them*," points clearly to a *per capita* division among them.

2. The child of Martha Stanford, born the day after the testator's death, is entitled to share with the other children. *Barringer* v. *Cowan*, 55 N C., 436.

3. If the guardian received for his wards a less sum than they were entitled to receive, it is true they can sue the guardian and his sureties for his default, but they have their election to sue either the guardian or the executor from whom he insufficiently collected the fund devised to them, or both. *Harris* v. *Harrison*, 78 N. C., 202; *Luton* v. *Wilcox*, 83 N. C., 21. It has been held that where a receiver, appointed to take charge of a ward's estate, makes a settlement with the guardian and executes a release to him, even under the direction of the Court, such settlement and release are not conclusive against the ward. *Temple* v. *Williams*, 91 N. C., 82. The settlement made in this case by the defendant with the guardian of the plaintiffs, had no other effect than to put the burden on plaintiffs to prove that the settlement made by defendant with their guardian was not a full payment of the sum due them, and which the guardian should have collected in their behalf.

4. When the defendant filed his final account 19th December, 1876, it closed the trust as between him and the distributees, if *sui juris*, so that the lapse of ten years certainly would bar an action against him. *The Code*, § 158; *Wyrick* v. *Wyrick*, 106 N. C., 86. If not, indeed, six years. *The Code*, § 154 (2); *Vaughan* v. *Hines*, 87 N. C., 445; *Andres* v. *Powell*, 97 N. C., 155; *Kennedy* v. *Cromwell*, 108 N. C, 1. If the plaintiffs had been without a guardian to represent them, the statute would not have run against them till one had been appointed, or the disability of non-age had been removed.

*Brawley* v. *Brawley*, at this term. But here, the guardian was appointed in November, 1873, and the defendant has been exposed to an action by him since the account was filed in December, 1876, more than ten years, and the principle applies that a cause of action barred against a trustee, is barred against the *cestui que trust* also. *Welborn* v. *Finley*, 52 N. C., 228; *Herndon* v. *Pratt*, 59 N. C., 327; *Clayton* v. *Cagle*, 97 N. C., 300; *King* v. *Rhew*, 108 N. C., 696. If the trustee, the guardian, was faithless, or negligent, he was liable on his bond to an action by his wards after their arrival at age. If, at that time, the defendant had not become protected by the lapse of ten years from filing his final account, the plaintiffs could have brought action against him as well as the guardian, as we have said above. *Harris* v. *Harrison*, 78 N. C., 202.

Error.