WILEY NUNNERY et al. v. JOHN AVERITT.

*Statute of Presumptions—Limitations —Administrators'*
*Accounts.*

1. In an action to surcharge and falsify and restate an account filed in 1865, the statute of presumptions, instead of the statute of limitations, is proper to be pleaded.

2. The running of this statute was suspended during the minority of plaintiffs unless represented by guardian.

3. Ten years seems to have been the limit prescribed by the statute of presumptions in such actions, and when this statute is pleaded it is incumbent upon the plaintiffs to show that their action was within the limit, and if not, to offer evidence in rebuttal of the presumption.

4. The relation of trustee and *cestui que trust* does not now exist between the plaintiffs and defendant, because the latter disavowed it by the filing of the final account.

5. The statute of limitations, by the Acts of 1893, chapter 113, will be applicable to all causes of action accrued before 1868 and brought after January 1, 1893.

This was a CIVIL ACTION to surcharge and falsify an account, begun before the Clerk and heard before *Boykin, J*, upon the pleadings and the facts found by the Court, at the May Term, 1892, of CUMBERLAND Superior Court.

The Court found that John Averitt, administrator of Wiley Nunnery, filed his final account, supported by proper vouchers, in the office of the Clerk of the Court in 1885 or 1886. John C. Callahan was Clerk. The vouchers were left with the Clerk. The administration was taken out before the Clerk. None of Wiley Nunnery's children or heirs at law were present at the time of the filing the account, and no notice thereof was given them. One of his children was born after his death. The final account cannot be found on the records. There was a small balance due the administrator by the estate in said settlement.

Wiley Nunnery died in April, 1865. His children were: Charlie, Martha Jane, Wiley, Charity and Dennis White. The last was born October 19, 1865. The other children died without issue. Martha Jane and Charity were more than twenty-one years of age when they married. The writ issued January 6, 1889.

The Court ordered that an account be stated between the defendant and each of the plaintiffs. The defendant appealed.

*Mr. N. W. Ray,* for plaintiffs.
*Mr. J. W. Hinsdale,* for defendant.

CLARK, J.: It is found as a fact that the defendant administrator "filed his final account, supported by proper vouchers, in the office of the Clerk of the Court in 1865 or 1866, and by this return there was a small balance due the administrator by the estate." This is, therefore, in effect, an action to surcharge, falsify and restate the account. The defendant pleads the six years statute of limitations, and also the statute of presumptions. The cause of action accrued when the final account was filed, the running of the statute being suspended, as to those of the plaintiffs who were under age, until their majority, unless represented by a guardian. *Culp* v. *Lee,* 109 N. C., 675.

The final account was filed *ex parte,* and had it been done since 1868 the six years statute of limitations would not have applied, and the reference to take the account would have been proper. *Woody* v. *Brooks,* 102 N. C, 334; *The Code,* § 158. Ten years would then have been the limitation applicable, and if pleaded it would have been incumbent upon the plaintiffs to show that their cause of action was not barred. *Hussey* v. *Kirkman,* 95 N. C., 63; *Hobbs* v. *Barefoot,* 104 N. C., 224; *Moore* v. *Garner,* 101 N. C., 374. This is not done as to any of the plaintiffs except Dennis Nunnery, either by allegation or finding of fact. It does not appear as to any of the others when

they became of age, or that ten years have not since elapsed before this action began.

But here the cause of action accrued prior to 1868, and the statute of presumptions is sufficiently pleaded. There was no express statute as to the length of time necessary to presume a release of the right to surcharge and restate a final account, duly filed and audited, but by analogy it seems to have been ten years, the same length of time which is now required by *The Code*, § 158, to bar such action. As already stated, after this plea was pleaded, it was incumbent upon the plaintiffs to show that their action was brought within the prescribed time, and if it was not, to offer evidence in rebuttal of the presumption. The judgment below will, therefore, be modified so as to direct the account to be stated between the defendant and Dennis Nunnery only.

This is not like the case of *Bushee* v. *Surles*, 77 N. C., 62, where it is held, that prior to 1868 there was no statute of limitations or presumptions which would bar an action by distributees against an executor or administrator for their distributive shares. This was on the ground that the relation of trustee and *cestui que trust* existed. But here the defendant, by filing his final account showing a balance due himself, disavowed the trust. He put the plaintiffs on notice, and if for ten years after respectively coming of age they acquiesced, they are presumptively barred. *Hodges* v. *Council*, 86 N. C., 181.

After January 1, 1893, the same statutes of limitations will be applicable in all actions begun after that day, to causes of action accruing before 1868, as are now applicable to causes of action accruing since. Chapter 113, Acts of 1891. This will avoid much confusion now incident to the application of the statutes of limitations and presumptions. The provisions of *The Code* in reference to the statute of limitations leave much to be desired. Many cases are left unprovided for, and in other instances the statute is confusing and ambiguous. The

construction placed by the Court upon some of its provisions are, hence, not altogether reconcilable. It is desirable that the law-making power should enact, if possible, a simpler statute, and a more comprehensive one, which would leave less to discussion as to its purport.

PER CURIAM. Error—Modified.