D. B. CROSS and wife et als. v. R. P. CRAVEN.

*Action to Recover Land—Infant With Guardian—Coverture—*
*Statute of Limitations.*

1. A guardian having no title to the land of his ward, it is not his duty to sue for the recovery of realty ; hence,

2. The fact that an infant, after the accrual of her right of action for land, had a guardian for seven years before her marriage, which was before her majority, and that neither she nor her guardian brought action within that time, does not bar an action by her for the recovery of the land.

CIVIL ACTION, for the recovery of land, commenced in April, 1892, and tried before *Norwood, J.,* and a jury, at June, 1895, Term of CABARRUS Superior Court. The facts are the same as in the case of Morrison, *et al., v.* Craven,

*ante.*, except that it appeared on the trial that the *feme* plaintiff, Cross, had a guardian from her early infancy in 1862 until after her marriage, which was during her minority. His Honor charged that "if the jury should find that the plaintiff, Louisa Cross, had a legal guardian from her early infancy, in 1862, until after her marriage with D. B. Cross and was a minor at the time of her marriage, then she is barred by the Statute of Limitations and cannot recover: so, if she had a legal guardian for seven years before her marriage." The jury so found, and judgment was rendered against the plaintiffs, Cross and wife, who appealed.

*Messrs. Jones & Boykin*, for plaintiffs (appellants).
*Messrs. W. G. Means* and *Burwell, Walker & Cansler*, for defendant.

CLARK, J.: It was error to charge that, though Mrs. Cross was an infant when her cause of action accrued and was married before arriving at age, she was barred by the Statute of Limitations from maintaining an action for the real estate because she had a legal guardian for seven years before her marriage. Section 148 of *The Code* provides that "If a person entitled to commence an action for the recovery of real property, &c., is within the age of 21 years or a married woman, &c., then such person may, notwithstanding the Statute of Limitations, commence his action within three years next after full age or discoverture," &c. Here the disability of coverture supervened upon that of infancy, and the Statute of Limitations is suspended in language too explicit to be capable of any other construction. *Clayton* v. *Rose*, 87 N. C., 106. The defendant relies upon *Culp* v. *Lee*, 109 N. C., 675, 678, but that has no application to actions for the recovery of realty

when the legal title is in the person under disability.    In
*Culp* v. *Lee* it was contended that an executor, who had
filed his final account many years before, was not protected
by the Statute, because the distributees were infants, but
the court held that the distributess having had a general
guardian, the executor, having been exposed to an action
by him for the full period prescribed by the Statute, was
protected by .the lapse of time.    It was pointed out that
in such case the guardian would be responsible on his bond
from any loss resulting from his laches in failing to sue
(*Code*, Sec. 1593), but the guardian bond is not responsible
in any way for the realty beyond the rents and profits.
*Code*, Sec. 1574.    By special provision, he is made liable for
land forfeited for taxes (*Code*, Sec. 1595), but there is no
similar provision of liability for failure to bring an action
for realty under *The Code*, 1588.    Where real estate is
held by a trusteee, the legal title being in him, if he is
barred the *cestui que* trust is also.    *King* v. *Rhew*, 108 N.
C., 696; *Clayton* v. *Cagle*, 97 N. C., 300.    But a guar-
dian does not hold the legal title to the real estate and is
not a trustee thereof, though charged with duties concern-
ing it, as payment of taxes, leasing, preventing waste, &c.

The error, however, is a harmless one in this instance, as
Mrs. Cross' father, not having held the land adversely
under color of title—the only title set up--for seven years
prior to the suspension of the Statute in May, 1861, she
cannot recover, and, besides, she is estopped by having
been a party to the proceedings to sell the realty as the
property of John M. Pharr (*Morrison* v. *Craven, ante.*, at
this term, which rests upon the same facts).

We only pass upon this assignment of error because of
its importance and the zeal with which it has been pressed.

Affirmed.