FIRST-CITIZENS BANK & TRUST COMPANY, EXECUTOR-TRUSTEE OF THE ESTATE OF FRANK B. KLEIN, v. ELIZABETH KLEIN WILLIS, HOWERTON KLEIN COOPER, JUDITH HOWERTON COOPER, MINOR; GILBERT GARTH COOPER, JR., MINOR; FRANK KLEIN WILLIS, MINOR; CONSTANCE KLEIN WILLIS, MINOR; ELIZABETH CARROLL WILLIS, MINOR; FRANCIS CRAIG WILLIS, MINOR; JOHN L. CRUMP, GENERAL GUARDIAN OF HENRIETTA M. KLEIN.

(Filed 2 May 1962.)

**1. Wills § 60—**

G.S. 30-1, requiring that a widow's dissent from the will of her husband be filed within six months, is a statute of limitations which does not extinguish the right but limits the time within which it may be enforced.

**2. Limitation of Action § 11—**

Where an infant or insane person has no guardian at the time of the accrual of a cause of action, the statute of limitations, in instances in which the incompetent does not have title to realty, begins to run when a guardian is appointed or the disability is removed, whichever first occurs. G.S. 1-17.

**3. Wills § 60—**

Where an incompetent widow is without a guardian at the time of the death of her husband, her right to dissent from his will is barred after six months from the date of the appointment of a guardian, and, the will being of record, the guardian's contention that he had no knowledge of the will is immaterial.

**4. Same—**

The fact that the husband's will leaves nothing to his widow does not alter the necessity that her dissent from the will be filed within the time limited.

APPEAL by defendant John L. Crump from *Walker, S.J.,* at Special August-September 1961 Term of CARTERET.

Civil action for a declaratory judgment. Plaintiff is the executor-trustee under the will of Frank B. Klein. The defendants are the beneficiaries named in his will, and John L. Crump, general guardian of Henrietta M. Klein, the insane widow of Frank B. Klein.

From the pleadings, upon demurrer, the following facts appear: On 28 August 1947, the testator Frank B. Klein qualified as guardian of his mentally incompetent wife, Henrietta M. Klein, and served as her guardian until his death on 22 November 1953. His will dated 31 August 1948, was probated in common form on 1 December 1953. He devised his entire estate, consisting solely of personal property, to the plaintiff Bank & Trust Company to hold in trust and administer for 12 years for the benefit of certain grandchildren, then to be divided equally between two of his daughters. Testator made no provision for his insane wife but said in Item 10 of his will: "Neither am I unmindful of my dear wife, Henrietta, whose mental condition is such as to require constant hospitalization in a government hospital erected by a beneficent government and operated for the benefit of those whose misfortune it is to be confined therein. However, I am fully informed by competent medical authorities, in whom I have absolute confidence, that she will not regain her normal faculties or ever be restored to sanity. Such being the case, it seems to be folly on my part to undertake to create a fund or to set aside any property, or property value, for her benefit."

On 9 December 1953, John L. Crump qualified as the legal guardian of Mrs. Klein who is still insane and he is presently acting as her guardian. Under the terms of the will there has been no distribution of the estate which consists of personalty still in the hands of the plaintiff as trustee.

On 1 February 1961, the plaintiff instituted this action for declaratory judgment to guide it in making a distribution of the estate. The complaint posed a number of questions, but only one is involved in this appeal.

The complaint alleged, *inter alia,* that no dissent had been filed to the will by the widow or in her behalf, and that her right to dissent is now barred by G.S. 30-1.

The answer of the guardian filed 4 April 1961, admitted his qualification on 9 December 1953, and that no formal dissent had been filed to the will. He alleged that he had no knowledge of the will until 21 February 1961; that because the widow received nothing under the will she was not required to file a dissent; that he now dissents from the will for her and requests the court to allot to the widow "her lawful rights in said estate."

When the cause came on to be heard the plaintiff and the other de-

fendants "demurred *ore tenus* to the response of John L. Crump, general guardian of Henrietta M. Klein". The demurrer was sustained and the defendant appealed.

*George H. McNeill for First-Citizens Bank & Trust Company, appellee.*
*Harvey Hamilton, Jr for defendant appellees.*
*George W. Ball for defendant Crump appellant.*

SHARP, J.   At the time the will of Frank B. Klein was probated on 1 December 1953, the mentally incompetent widow had had no guardian since the death of her guardian-husband on 22 November, 1953. On 9 December 1953, her present guardian was appointed. The question is whether his failure to dissent to the will of her husband within six months of the date of his qualification thereafter constituted a bar to her right to dissent to the will and to participate in his estate.

G.S. 30-1 as written during the periods of time involved in this suit, provided: "Every widow may dissent from her husband's will before the clerk of the superior court of the county in which such will is proved, at any time within six months after the probate. The dissent may be in person, or by attorney authorized in writing, executed by the widow and attested by at least one witness and duly proved. The dissent, whether in person or by attorney, shall be filed as a record of court. If the widow be an infant, or insane, she may dissent by her guardian."

G.S. 30-1 is a statute of limitations. It extinguishes no right but limits the time in which a widow may enforce the right the law gives her to participate in her husband's estate. *Hinton v. Hinton,* 61 N.C. 410; *Perkins v. Brinkley,* 133 N.C. 86, 45 S.E. 465. A widow of sound mind would have no right to dissent after six months from the probate of her husband's will because, as the court has said, "There must be some term of time applicable to the claim of every right within which it must be sued for. The policy of the law will not permit any demand to exist in perpetuity, or indefinitely, unless legally asserted." *Cook v. Sexton,* 79 N.C. 305.

If Mrs. Klein had had no guardian prior to 4 April 1961, the date on which he attempted to dissent for her, the statute of limitations could not have run against her right because G.S. 1-17 provides, with certain exceptions which need not be considered here, that "A person entitled to commence an action * * * who is at the time the action accrues * * * insane * * * may bring his action within the times herein limited after the disability is removed.

In *Whitted v. Wade,* 247 N.C. 81, 100 S.E. 2d 263, construing G.S.

30-1 and G.S. 1-17 together, the Court held that an insane widow, continuously under disability from the probate of her husband's will on 22 July 1952, and without guardian until 7 August 1956, was entitled to dissent through her guardian on 7 August 1956, and to have her dower allotted to her in the lands of her deceased husband with an accounting of rents and profits. In the *Whitted* case the guardian filed a dissent on behalf of the widow on the date of his appointment. The instant case is distinguishable in that the widow of Frank B. Klein was represented by a guardian for over seven years after the probate of her husband's will before he attempted to assert her right to dissent. The will was a public record in the office of the clerk of Superior Court which appointed him her guardian and there is no allegation that he was deceived, misled, or deterred from dissenting by any person whomsoever.

In North Carolina the rule is that the statute of limitations begins to run against an infant or an insane person who is represented by a guardian at the time the cause of action accrues. If he has no guardian at that time, then the statute begins to run upon the appointment of a guardian or upon the removal of his disability as provided by G.S. 1-17, whichever shall occur first. *Culp v. Lee,* 109 N.C. 675, 14 S.E. 74; *Nunnery v. Averitt,* 111 N.C. 394, 16 S.E. 683; *Johnson v. Ins. Co.,* 217 N.C. 139, 7 S.E. 2d 475; *Lineberry v. Mebane,* 219 N.C. 257, 13 S.E. 2d 429; *Rowland v. Beauchamp,* 253 N.C. 231, 116 S.E. 2d 720.

In *Cross v. Craven,* 120 N.C. 331, 26 S.E. 940, it was said that the rule laid down in *Culp v. Lee, supra,* had no application to actions for the recovery of realty when the legal title is in the person under disability. In that case, however, the person under disability had no legal title to the land involved. In the instant case we are not concerned with realty. The entire Klein estate is personalty.

*Johnson v. Ins. Co., supra,* was an action upon an insurance policy. Plaintiff was injured on 20 May 1929. Thereafter he was committed to the State Hospital as an insane person and a guardian was appointed for him on 21 March 1933. On 7 November 1933, he was adjudged sane. He instituted this action on 28 November 1936. The Insurance Company plead the three-year statute of limitations which, it contended, began to run during the guardianship. The plaintiff contended that C.S. 407 (now G.S. 1-17) preserved the right of action in the plaintiff intact when relieved of the disability of insanity notwithstanding the guardianship. The Court, while deciding the case on another ground and conceding that there was support for the plaintiff's position in some States and in the Federal courts, said: "But a different rule obtains in North Carolina, and, we think with reason. The policy

of repose which underlies statutes limiting the time in which actions may be brought would be imperfectly expressed if these statutes did not apply to all those who might bring such actions, and actions which might be brought in their behalf. On that theory, the representation of the ward by the guardian should be complete as to actions which the guardian might bring and which it was incumbent on him to bring, in so far as may be consistent with the limitations of his office * * * A qualification must be made as to suits for realty, where the legal title is in the ward. *Culp v. Lee* (1891), 109 N.C. 675, 14 S.E. 74. Where this obstacle to a suit by the guardian does not arise, ordinarily the failure of the guardian to sue in apt time is the failure of the ward, entailing the same legal consequence with respect to the bar of the statute. *Cross v. Craven* (1897), 120 N.C. 331, 26 S.E. 940. Exposure to a suit by the guardian— one which was within the scope of both his authority and duty— for a sufficient length of time, would constitute a bar to the action of the ward."

*Rowland v. Beauchamp*, 253 N.C. 231, 116 S.E. 2d 720, involved the right of a minor plaintiff, represented by a next friend, to bring a second suit within one year after the appeal from a judgment of nonsuit in the first suit had been dismissed. Holding that G.S. 1-25 permitted the suit and speaking for the Court, *Parker, J.*, said: "In North Carolina, contrary it seems to the general rule in most jurisdictions, the rule, except in suits for realty where the legal title is in the ward, is that the statute of limitations runs against an infant as to all rights of action, 'which the guardian might bring and which it was incumbent on him to bring, in so far as may be consistent with the limitations of his office.' *Johnson v. Ins. Co.*, 217 N.C. 139, 7 S.E. 2d 475, 128 A.L.R. 1375; Annos. 6 A.L.R. 1689 et seq., and 128 A.L.R. 1379 et seq."

Prior to 1849 a widow in North Carolina was required to dissent from her husband's will in person; it could not be done for her by either an attorney or a guardian. In that year the statute was passed allowing the guardian of an incompetent widow to dissent for her. *Lewis v. Lewis*, 29 N.C. 72; *Hinton v. Hinton*, 28 N.C. 274; 35 N.C. Law Review, 520-521.

While the personal disability of insanity remained with the widow of Frank B. Klein when the guardian was appointed for her on 9 December 1953, the disability to dissent was removed. We therefore hold that the statute began to run against her right to dissent from that date and she is now barred. To hold otherwise would frequently preclude the settlement of estates during the lifetime of an insane spouse. Mrs. Klein is still insane; she will probably be insane until her death.

As the Maryland Court said in *Kernan v. Carter, et al,* 104 Atl. 530, 535, a case which also involved the right of an insane widow to dissent after the time limited: " * * * While in individual cases some hardship may result, it would be vastly more disastrous if settlements of estates are to be kept in uncertainty for years, probably throughout the lives of insane widows * * *." The Court held that the dissent must be within the time fixed by the statute.

*First National Bank of Kansas City v. Schaake, et al,* 240 Mo. App. 217, 203 S.W. 2d 611, involved a factual situation similar to the instant case. The Missouri statute allowed a widow twelve months instead of six in which to dissent. At the time of her husband's death on 5 September 1943 Mrs. Schaake was insane and represented by a guardian. Because of erroneous legal advice the guardian did not attempt to dissent until almost two years after the will was probated. In denying the right the Court pointed out that the statute specifically authorized the guardian to act for the widow, and that the statute allowing the widow twelve months to make her election was a statute of limitations. The Court said: "While the statute by fixing the time at twelve months from probate of will does not precipitate or require a hurried decision, it was evidently the purpose of the legislature to prescribe a limit to its exercise, and not to grant an indefinite period during which purchasers and creditors could acquire rights as sacred and just as the wife's, and which it would be inequitable to disturb. * * * If it be held that a court of equity can make an election for an insane widow in a suit which was filed one year after the period of election has expired, then it could be done in a suit filed ten or twenty years after the time expired. Such a proposition would leave the title to real estate in all such cases in a state of uncertainty and chaos. No purchaser could be certain of the validity of his title. We do not believe the law contemplates or will countenance any such uncertainty. The law gives the insane widow adequate protection when it provides that the guardian may make an election for her * * * ."

The appellant guardian contends that a will which gives a widow nothing provides nothing from which she can dissent, and she is therefore not required to comply with G.S. 30-1. This argument is specious. A widow who is disinherited by her husband's will has the choice of acquiescing in his wishes and receiving nothing, or of dissenting from his will and taking the share of his estate which she would have received had he died intestate. If she received nothing under the will she has all the more reason to dissent from it. The necessity of expediting the closing of estates would seem also to dispose of this argument. G.S. 30-1 as written during the periods involved here sets no minimum or maximum as a condition for dissent; the widow must dissent to the

will of her husband as provided by law, or she assents. Although the widow received nothing in the will of her husband the failure of her guardian to dissent for her within six months of his qualification barred her right of dissent at the end of that period. To hold otherwise would, in our opinion, add this case to "the quicksands of the law." *Lea v. Johnston,* 31 N.C. 15.

The judgment of the lower court is

Affirmed.