FANNIE A. RICHARDSON, Widow, v. N. B. JUSTICE and Wife,
*et al.*, heirs at law of Jesse Richardson.

(Decided December 5, 1899.)

*Petition for Dower—Dissent From Will—Six Months—The
Code, Sec. 2108.*

By statute, Code, sec. 2108, the widow is allowed six months in
which to dissent from her husband's will, nor will she be pre-
cluded from the exercise of this legal right, by any agreement,
even under seal, which she may be induced by the executor to
sign, in ignorance of the condition of the estate.

The plaintiff, widow of Jesse Richardson, dissented
from her husband's will, and filed this SPECIAL PROCEEDING
for dower before the Clerk of the Superior Court of CHATHAM
County, which was transferred to Term for trial upon issues
raised, and was heard before *Brown, J.*, at Fall Term, 1899.

F. C. Poe, the executor of Jesse Richardson, on his own

application was made party-defendant, and interposed the following written agreement under seal, executed by the widow, as a bar to her petition for dower:

"Whereas, I, the widow of the late Jesse Richardson, have been and am somewhat dissatisfied with the last will and testament of my deceased husband; and whereas, I have so told F. C. Poe, the executor named in the said will, and he has considered the matter and has made to me a proposition which makes it entirely satisfactory to me, which proposition is that he will pay to me the sum of seven hundred and twenty-eight dollars and eighty-four cents out of the first moneys coming into his hands as such executor, independent of the amounts left to me in the said will:

"Now, therefore, in consideration of said amount, to be so paid me, I hereby express my entire satisfaction with said will taken in connection with the said amount, and hereby agree to accept the same, abide by said will and take under it in all respects therein set out.

"In testimony whereof, I have hereunto set my hand and seal, this the 18th day of August, 1899.

"FANNIE A. RICHARDSON.   [Seal.]

"Test: T. T. CLARK."

It appeared that the foregoing agreement was procured from her by the executor six days after the death of her husband; that she was in ignorance as to the condition of the estate, and that the executor had paid nothing and done nothing in consequence of the agreement.

His Honor ruled that the petitioner was not concluded by the contract set up in the answer, and had a right to dissent, and adjudged that she was entitled to her dower in the lands of her deceased husband.

Defendants excepted and appealed.

*Messrs. Womack & Hayes,* for appellant.
*Mr. H. A. London,* for appellee.

MONTGOMERY, J.   This was a special proceeding com-
menced before the Clerk of the Superior Court by the plain-
tiff against the heirs at law of her deceased husband for the
allotment of her dower in his land.   On the hearing of the
matter in the Superior Court, it appeared that the petitioner,
somewhat dissatisfied with the provisions of the will of her
deceased husband, six days after his death entered into a con-
tract under seal with F. C. Poe, the executor named in the
will, by which she agreed to accept a proposition made to her
by Poe to the effect that she would receive the sum of $728.84
to be paid her by the executor out of the first money coming
into his hands as such executor—that amount to be outside of
the provisions made in the will for the petitioner, and the
petitioner to abide by the terms of the will.   It also appeared
that the executor, Poe, had incurred no extra expense, had
taken no steps in consequence of the contract between himself
as executor and the petitioner, that nothing had been done
by him except those things in the ordinary course of adminis-
tration, and that he had not acted on the agreement so as to
cause any loss to the estate.   Five days after the contract
and eleven days after the death of the petitioner's husband,
this proceeding was begun.   Upon the pleadings and the
admitted facts his Honor was of the opinion that the peti-
tioner was not concluded by the contract from entering and
filing her dissent from the will, and that she was entitled to
her dower.   We think his Honor's judgment should be
affirmed.   Our statute, sec. 2108 of The Code, allows a
widow six months from the probate of the will of her hus-
band within which to dissent.   Clearly that time is allowed
by the law to enable the widow to make an examination into

the value of the estate, the debts and liabilities, and for her to
come to an intelligent conclusion as to the course she should
pursue under all the circumstances that surround her.    The
circumstances of this case do not show that deliberation and
care on the part of the petitioner which would preclude her
from the right, after she made the contract and within the
time allowed by law, from making dissent to the will.    The
haste was great.    So far as we can see she had no acquaint-
ance with the affairs connected with the estate; there had
been no statement made showing how the estate was affected
as to the liabilities of the deceased husband.    She had no
information upon which she could form a judgment as to
what course she should pursue.    The proposition of settle-
ment was made by the executor six days after the death of
the husband and three days after the probate of the will.
The record does not show any condition of facts which go to
repel the idea that the widow did not have sufficient time
after the probate of the will in which to make up an intelli-
gent judgment as to her course, and we are brought to the
conclusion under the circumstances of the case that she ought
not to be concluded from dissenting to the will and from
claiming her dower.

The contention of the defendant's counsel that the contract
being under seal conclusively presumes that it was made
upon a good and sufficient consideration does not apply here.
The entire contract is set out, the agreement of the peti-
tioner and the consideration for that agreement, but it is
nevertheless such a contract as the law will not enforce
against the petitioner for the reasons we have stated.

Affirmed.