MAUD G. WHITTED, BY HER GUARDIAN, MALCOM L. GRADY, PETITIONER, v. MELVIN M. WADE AND WIFE, KATRINE P. WADE; YVONNE WADE, A MINOR; WILLIAM MELVIN WADE, A MINOR; MABEL WHITTED, SALLIE WHITTED, JOE GRAY WHITTED AND WIFE, SHIRLEY WHITTED; FRANCIS ODOM AND HUSBAND, NORWOOD ODOM; ORMAND WHITTED, A MINOR; LESLIE RAY WHITTED, A MINOR; WILLIE W. TURNAGE AND HUSBAND, JOHN TURNAGE; TEMESIA W. BENTON AND HUSBAND, WILLIAM F. BENTON; WINNIE W. DAVIS AND HUSBAND, ROBERT DAVIS; WILLIAM WHITTED AND WIFE, PAULINE M. WHITTED; AND ALL OTHER CHILDREN IN ESSE OR WHO MAY BE HEREAFTER BORN TO THE MARRIAGE BETWEEN THE SAID KATRINE P. WADE AND MELVIN M. WADE; AND ANY AND ALL OTHER PERSONS INTERESTED IN THE PROPERTIES OF WILLIAM G. WHITTED, DECEASED.

(Filed 30 October, 1957)

Wills § 40—Guardian for wife, insane at time of husband's death, may file dissent more than six months after proof of will.

Dower is a common law right, and G.S. 30-1 is not an enabling statute but a statute of limitations prescribing the time within which the widow may protect her dower by dissenting from the will of her husband divesting her of such right, and therefore G.S. 1-17 is applicable in proper cases, so that when a widow is insane at the time of the death of her husband and remains incompetent, a guardian for her, although not appointed until more than six months after the will of the husband was proved, may, upon his appointment, file on her behalf a dissent to the husband's will and institute a special proceeding for the allotment of dower and for an accounting of rents and profits.

APPEAL by defendants from *Moore, J. (Clifton L.)* at February Term 1957, of LENOIR.

Special proceeding for allotment of dower and for an accounting of mesne profits.

The parties stipulated to the following facts: "(1) That Maud G. Whitted and William G. Whitted were lawfully married on December 25, 1917.

"(2) That on May 26th, 1941, Maud G. Whitted was adjudged to be mentally incompetent in a proper proceeding before the Clerk of Superior Court of Lenoir County and was immediately committed to the North Carolina State Hospital for the Insane.

"(3) That since the date of her commitment the said Maud G. Whitted has remained continuously confined in said hospital and is now and has been since said date continuously insane and thereby incompetent.

"(4) That on July 20th, 1952, the said William G. Whitted died a resident of Lenoir County, North Carolina. That a paper writing propounded as the last will and testament of the said William G. Whitted was admitted to probate by the Clerk of Superior Court of Lenoir County on the 22nd day of July, 1952.

"(5) That at the time of the death of the said William G. Whitted he was married to the said Maud G. Whitted who survived him as his widow.

"(6) That William G. Whitted died seized of the properties (lands) described in the complaint.

"(7) That no dissent was filed to said will within six months of the date of the probate.

"(8) That on the 7th day of August, 1956, Malcom L. Grady was appointed Guardian for the said Maud G. Whitted and on the 7th day of August, 1956, filed on her behalf a dissent to the purported will of William G. Whitted, and also on the same date instituted this action. That the said Malcom L. Grady is now and has been since August 7, 1956, the duly appointed and acting Guardian of Maud G. Whitted.

"(9) That the defendants Melvin M. Wade, Katrine P. Wade, Yvonne Wade and William Melvin Wade, having been duly served with process, and said defendants, together with the Guardian *ad litem* for any other children in esse or who may hereafter be born to the marriage between Katrine P. Wade and Melvin M. Wade, have filed an answer in this cause. That the defendants Ormand Whitted and Leslie Ray Whitted have filed answer admitting the allegations of the petition, but the other named defendants in this action have failed to answer within the time provided by law and have not requested nor been given extension of time to so answer or otherwise plead."

The cause came on for hearing before Moore, Clifton L., Judge of Superior Court, presiding, upon the facts so stipulated.

And upon consideration thereof the court makes the following conclusions of law:

"1. An insane person may not be guilty of laches under the facts and circumstances of this case.

"2. That G.S. 30-1 is not an enabling act, but is a Statute of Limitations. Dower is a common law right accruing

to a widow, and when she is about to be divested of that right by the will of her husband, the law accords her a period of time within which to proceed in a court of law to protect and retain the right. G.S. 30-1 does not extinguish the right, but limits the time in which she might resort to the courts to enforce it. *Hinton v. Hinton*, 61 N.C. 410.

"3. That since G.S. 30-1 is a statute of limitations, G.S. 1-17 applies to this case. The plaintiff has been continuously under disability because of insanity since 1941, and was, therefore, under disability at the time this action accrued. (G.S. 1-20.)

"4. That the neglect of kindred or parties having an interest in plaintiff's recovery in this action in failing to have a guardian qualified for her and failing to have the guardian dissent from the will within the six months limited by G.S. 30-1, cannot be imputed to plaintiff or affect her rights herein.

"5. That plaintiff is not barred by G.S. 30-1 or laches from dissenting from the will of her late husband, or from having dower alloted in the lands of which he died seized, or from demanding an accounting for rents and profits because of her vested unalloted dower in said lands."

From these conclusions of law the court "Ordered, Adjudged and Decreed:

"(1) That the Clerk of the Court of Lenoir County proceed with allotment of plaintiff's dower in the lands of her late husband, Wm. G. Whitted, and insofar as this action relates to such allotment, it is remanded to said Clerk for proper proceedings.

"(2) That this cause is retained for an accounting for rents and profits, if any, accruing to plaintiff because of her dower interest in the lands of her said late husband."

Defendants Melvin M. Wade, Katrine P. Wade, Yvonne Wade and William Melvin Wade, Melvin M. Wade, Guardian *ad litem* for Yvonne Wade and William Melvin Wade, minors, and Guardian *ad litem* for the children in esse or who may hereafter be born to the marriage between Melvin M. Wade and Katrine P. Wade, excepted thereto and appeal therefrom to Supreme Court, and assign error.

*Wallace & Wallace for plaintiff appellee.*
*Jones, Reed & Griffin for defendants appellants.*

WINBORNE, C. J.: The question involved on this appeal is stated by appellant substantially in this manner: Is the plain-

tiff barred by G.S. 30-1 or by laches from dissenting from the will of her late husband, William G. Whitted, and from demanding an allotment of dower in his lands, and from obtaining an accounting for rents and profits on account of her alleged dower interest therein? It was in this strain that the trial court briefed the law, and we hold properly so, in the light of the stipulated facts.

General Statutes 30-1, enacted in 1869, Laws 1868-9, Chap. 93, Sec. 37, and brought down through the several codifications, The Code 2108, Revisal 3080, and Consolidated Statutes 4096, in substantial accord, expressly provides that every widow may dissent from her husband's will before Clerk of the Superior Court of the county in which the will is proved at any time within six months after the probate; and that the dissent may be in person, or by attorney under given circumstances, but that "if the widow be an infant, or insane, she may dissent by her guardian."

And this Court, in interpreting and applying this statute, G.S. 30-1, in *Hinton v. Hinton*, 61 N.C. 410, as it then appeared, has characterized it as a "Statute of Limitation", and not an enabling statute. It is said in this connection (1) that dower is a common law right accruing to a widow, and when she is about to be divested of her right by the will of her husband, the law accords her a period of time within which to proceed in a court of law to protect and retain the right, and (2) that the six months period for dissent as provided in G.S. 30-1 is not a condition precedent to the right, but merely limits the time in which she may resort to the courts to enforce it.

Since, therefore, G.S. 30-1 is a statute of limitation, G.S. 1-17 applies to this case. This statute, G.S. 1-17, provides that "a person entitled to commence an action * * * who is at the time the cause of action accrued * * * insane * * * may bring his action within the times herein limited, after the disability is removed, except in an action for the recovery of real property, or to make an entry or defense founded on the title to real property, or to rents and services out of the same, when he must commence his action, or make his entry, within three years next after the removal of the disability, and at no time thereafter."

In this connection the appellee contends, and properly so, that construing G.S. 30-1, the Hinton case, *supra*, and G.S. 1-17 together, it would appear that an insane widow is not barred by the statute of limitations, but may bring the action through a guardian as provided in G.S. 30-1 within three years after the disability is removed pursuant to G.S. 1-17. Compare *Richardson*

*v. Justice,* 125 N.C. 409, 34 S.E. 441. There this headnote epitomizes the opinion: "By statute, Code Sec. 2108, the widow is allowed six months in which to dissent from her husband's will, nor will she be precluded from the exercise of this legal right by any agreement, even under seal, which she may be induced by the executor to sign, in ignorance of the condition of the estate."

Here it is true no guardian was appointed within six months after the will of the husband was proved. Nevertheless, a guardian for Maud G. Whitted, the widow, on the day of his appointment, not only filed on her behalf a dissent to the will of her husband, but instituted this special proceeding for allotment of dower, and for an accounting of rents and profits as prayed in the petition. This appears to be orderly procedure—free from error.

Affirmed.