DORIS LOVELACE BOONE, MARY ATKINS LOVELACE AND JOE DAVID LOVELACE v. MARY BOONE

No. 7517DC419

(Filed 1 October 1975)

Appeal and Error § 7— son found in contempt — mother not aggrieved party — appeal dismissed

    Defendant had no standing to appeal from an order finding her son in contempt of court as a result of his testimony in a child custody action between defendant and the children's mother and maternal grandparents, since defendant was not the party aggrieved. G.S. 1-271.

APPEAL by defendant from *Freeman, Judge.* Judgment entered 28 February 1975 in District Court, ROCKINGHAM County. Heard in the Court of Appeals 16 September 1975.

This is an action by plaintiffs to obtain custody of three minor children from defendant, their paternal grandmother; plaintiffs are the mother and maternal grandparents of the children. There have been two previous appeals in this cause; see opinions reported in 23 N.C. App. 680, 210 S.E. 2d 122 (1974), and 24 N.C. App. 135, 210 S.E. 2d 121 (1974).

The record discloses: At all times during the pendency of this action, the father of the children, Clyde Thomas Boone (Clyde), has been a prisoner in the North Carolina correctional system. In May 1974, Judge Harris entered an order granting plaintiffs custody of the children pending further orders of the court. Defendant appealed and thereafter disappeared with the children. The appeal was dismissed. On motion of plaintiffs, the cause came on for hearing at the 24 February 1975 Session of the Court to determine the whereabouts of the children. Clyde was called as a witness by plaintiffs and testified, among other things, that he did not know where defendant is, that he does not want to know where she is for fear that he would have to reveal her whereabouts, and that he does not inquire of his brother, who lives in California, as to where she is. He further testified that in May 1974, he told defendant to take the children and leave for the reason that he did not want his children raised by his wife's mother and sister.

Following the hearing, the court entered an order finding facts and concluding, *inter alia,* that Clyde has intentionally attempted to thwart and obstruct the orders of the court, and is

in willful and intentional contempt of the court for which he should be personally attached until such time as he shall have purged himself upon a showing of reasonable efforts to determine the whereabouts of defendant and children and to cause the children to be returned to the custody of plaintiffs.

Within ten days after the order was entered, defendant, through her counsel, gave notice of appeal.

*Gwyn, Gwyn & Morgan, by Julius J. Gwyn, for plaintiff appellees.*

*Benjamin R. Wrenn, P.A., for defendant appellant.*

BRITT, Judge.

By her three assignments of error, defendant contends the court erred (1) in declaring Clyde in contempt of court, (2) in concluding that the court had jurisdiction to declare Clyde in contempt, and (3) in ordering a copy of the order forwarded to the Department of Correction and the Parole Commission if Clyde failed to purge himself of contempt within 30 days of the order.

We do not reach the questions raised by the assignments of error for the reason that defendant has no standing to raise the questions. It is well settled in this jurisdiction that only the party aggrieved may appeal to the appellate court. G.S. 1-271; *Coburn v. Roanoke Land and Timber Corporation,* 260 N.C. 173, 132 S.E. 2d 340 (1963); *Watkins v. Grier,* 224 N.C. 334, 30 S.E. 2d 219 (1944); *Duke Power Company v. Board of Adjustment,* 20 N.C. App. 730, 202 S.E. 2d 607 (1974); *cert. denied,* 285 N.C. 235, 204 S.E. 2d 22 (1974). Where a party is not aggrieved by the judicial order entered, his appeal will be dismissed. *Gaskins v. Fertilizer Company,* 260 N.C. 191, 132 S.E. 2d 345 (1963).

For the reasons stated, the appeal is

Dismissed.

Judges PARKER and CLARK concur.