MARY R. TAYLOR v. D. WAYNE TAYLOR, INDIVIDUALLY, ROLAND TAYLOR AND WIFE, EDNA H. TAYLOR; T.C. TAYLOR AND WIFE, MARJORIE A. TAYLOR; DORIS TAYLOR ROBINSON AND HUSBAND, DAVID ROBINSON; EDWARD TAYLOR; TRUSTEES OF CEDAR GROVE METHODIST CHURCH; ERVIN TAYLOR; FRANCES T. BLAKELY; EDNA MAY MAYNOR; RUBY LEE DAY; SAMUEL TAYLOR

No. 13

(Filed 4 November 1980)

1. **Wills § 61– dissent to will – agreement as to valuation of estate and testate and intestate shares**

    Where plaintiff filed a dissent to her late husband's will, and the administrator with the will annexed and the other devisees under the will have implicitly assented to the wife's valuation of the estate and her testate and intestate shares thereof by conceding her right to dissent from the will, the parties have complied with the provisions of G.S. 30-1(c) with respect to an agreement as to valuation except for procuring the approval of the clerk of their valuation.

2. **Wills § 61.5– dissent to will – waiver of right to seek construction of will**

    Plaintiff's dissent to her husband's will, which is subject only to an essentially ministerial act by the clerk of court in approving a valuation agreement, precluded her from maintaining an action for construction of the will or claiming property passing under the residuary clause of the will.

Justice BROCK took no part in the consideration or decision of this case.

APPEAL by defendants pursuant to G.S. § 7A-30(2) from decision of the Court of Appeals, 45 N.C. App. 449, 263 S.E. 2d 351 (1980), one judge dissenting.

In this declaratory judgment action, plaintiff asks the court to determine the rights of the parties under the will of her late husband, J.B. Taylor. Defendants are the other devisees and legatees named in the will.

J.B. Taylor, the owner of certain farmlands in Orange County, died on 31 January 1973 leaving a will dated 30 August 1958 which was duly admitted to probate. The will provides in pertinent part as follows:

> After the payment of my just debts and funeral expenses, I give, devise and bequeath my property as follows:
>
> FIRST: To my beloved wife, Mary R. Taylor, I give, devise and bequeath my home and 30 Acres of land surrounding the same to be hers for and during the term of her natural life, and at her death, I give, bevise (sic) and bequeath the same to my two nephews, Wayne Taylor and Roland Taylor, share and share alike.
>
> SECOND: To my brother, Edward Taylor, I give, devise and bequeath 12 Acres of my Plantation located in the Northwest corner of same, to be his absolutely and in fee simple.
>
> THIRD: To my brother, T.C. Taylor, I give, devise and bequeath 12 Acres on the East side of my Plantation to be his absolutely and in fee simple.
>
> FOURTH: The remainder of my real estate, I give, devise and bequeath to my two nephews, Wayne Taylor and Roland Taylor in fee simple, share and share alike.
>
> FIFTH: I give, devise and bequeath to the Trustees of Cedar Grove Methodist Church the sum of $400.00 to be used in the upkeep of the Church and Cemetery as they deem advisable.
>
> SIXTH: To my sister, Mary T. Graham, and to my nieces and nephews, Ervin Taylor, Frances T. Blakely, Edna May Maynor, Ruby Lee Day, Doris T. Hawkins

and Samuel Taylor I give, devise and bequeath the sum of $25.00 each.

SEVENTH: The remainder of my property, real, personal and mixed, I give, devise and bequeath to my beloved wife, Mary R. Taylor, to be hers absolutely and in fee simple.

Plaintiff was named executrix of the will but declined to qualify. On 23 May 1973, she filed a dissent from the will. In her dissent, plaintiff alleged that the value of the assets of the estate was as follows:

| | |
|---|---|
| Chattels | $ 500.00 |
| Savings Account | 2,527.50 |
| Real Estate | 36,500.00 |
| | $39,527.50 |

She further alleged that the aggregate value of the provisions under the will for her benefit, when added to the value of the property or interests in property passing in any manner outside the will to her as a result of the death of the testator, was $16,716.20; that the net estate of the decedent, exclusive of family allowances, cost of administration, and all lawful claims against the estate, is at least $37,527.50; that her intestate share would be about $18,763.75, and that the property passing outside of the will and the provisions under the will for her benefit give to her property whose aggregate value is less than her intestate share. She expressly stated that she dissented from the will and claimed properties to which she would be entitled under Chapter 30 of the General Statutes of North Carolina.

On 16 August 1973, plaintiff filed a caveat to the will. The cause came on for trial at the 12 November 1974 Civil Session of Orange Superior Court at which time a jury found that the paper writing in question was executed by J.B. Taylor "according to the formalities of the laws required to make a valid Last Will and Testament"; that at the time of executing said writing J.B. Taylor was mentally capable of making a valid will; that the execution of said writing was not procured by undue influence; and that said writing and each and every part thereof was the last will and testament of J.B. Taylor.

On 2 July 1976 plaintiff instituted this action, alleging that questions had arisen as to whether the devises made by the first three items of the will were void because of vagueness and as to whether the remainder of the testator's estate passed to his nephews, Wayne and Roland Taylor, under item four or to his wife under item seven of the will.

Defendants moved pursuant to G.S. 1A-1, Rule 12(b), to dismiss the complaint on the ground that plaintiff, having previously filed a dissent to the will, no longer had any interest in its interpretation. This motion was denied by Judge Lee on 17 September 1976.

On 28 December 1977 plaintiff moved for summary judgment. The cause came on for hearing on the motion and for trial on 9 January 1978. At that time the parties agreed to a postponement of the hearing and trial until 20 April 1978 in order that the case might be submitted to the court without a jury on affidavits and other documentary evidence. Plaintiff reserved the right to object to the evidence on the ground of relevancy.

When the case came on for trial on 20 April 1978, defendants attempted to introduce evidence by affidavits tending to show that the various parcels of land referred to in the will could be identified and located on the ground. The court sustained plaintiff's objections to the evidence on the ground of relevancy and then entered judgment as follows:

> The Court concludes that the attempted devises contained in the First, Second and Third items of the Will of J.B. Taylor are void for vagueness; that the testator intended by Item Fourth of said Will to devise to Wayne Taylor and Roland Taylor the remainder of said farm not included in the devises attempted by the first three items of said Will; that since the attempted devises contained in the first three items are incapable of location because of the vagueness of said descriptions, the remainder of said property cannot be determined and is void for vagueness; that said void devises fail to take effect and pass under Item Seventh to the widow of the testator, Mary R. Taylor, absolutely and in fee simple.

Defendants appealed to the Court of Appeals. In an opinion by Judge Parker, concurred in by Judge Harry C. Martin, the

Court of Appeals affirmed the judgment of the superior court, holding that the first three sections of the will, which purported to devise real property, were void for vagueness under the rule enunciated by this court in *Hodges v. Stewart*, 218 N.C. 290, 10 S.E. 2d 723 (1940). Judge Robert M. Martin dissented, suggesting that the rule embodied in the *Hodges* decision is in need of reconsideration.

*Graham & Cheshire, by Lucius M. Cheshire, for plaintiff-appellee.*

*Latham, Wood & Balog, by Steve A. Balog, for defendant-appellants.*

BRITT, Justice.

Defendants raised the issue in the Court of Appeals, as they have before this court, that the trial court erred in denying their motion to dismiss. The crux of defendants' argument is that plaintiff no longer has standing upon which to seek an interpretation of testator's will because she has dissented from the will. The Court of Appeals rejected this contention, holding that the record reveals that "all that has happened is that plaintiff has *filed* her dissent within apt time as she was required to do by G.S. 30-2"; that whether plaintiff has a *right* to dissent is governed by G.S. § 30-1; and that her right to dissent is yet to be determined. Our consideration of the facts in this case, in light of the pertinent statutory provisions, impels us to reverse the decision of the Court of Appeals, and order that the judgment entered by Judge Bailey be vacated and that the cause be remanded for further proceedings.

Though plaintiff was named executrix of her husband's will by the document, she renounced the appointment on 10 May 1973. In the notice of dissent which she filed with the clerk, plaintiff alleged that the value of property passing to her under the will, as well as the value of any property passing to her outside of the will in any manner, was $16,716.20; that her husband's net estate had a value of $37,527.50; and that her intestate share of the estate was $18,763.75. Thereupon, she asserted a right to dissent from her husband's will and take an appropriate intestate share. Since the date of the filing of her notice of dissent, no further proceedings have been conducted before the clerk insofar as plaintiff's right to dissent is con-

cerned. Even so, defendants have never denied or questioned plaintiff's right to dissent and so confirmed their position before this court at oral argument. As in any case, the facts upon which the controversy is founded are crucial to an appropriate resolution of the issues presented. In this case, the events leading up to the presentation of the dispute before us take meaning upon themselves only in the context of the statutory framework provided by Article 30 of the General Statutes.

For the purposes of the case at bar, plaintiff is entitled to dissent from the will of her late husband upon demonstrating that the aggregate value of the provisions for her benefit under the will, when added to the value of property or interests passing to her in any manner outside the will, is less than her intestate share of his estate. G.S. § 30-1(a)(1)(1976)[1]; *see Vinson v. Chappell*, 275 N.C. 234, 166 S.E. 2d 686 (1969); *North Carolina Nat'l Bank v. Stone*, 263 N.C. 384, 139 S.E. 2d 573 (1965); *see generally* 1 N. Wiggins, *Wills and Administration of Estates in North Carolina* § 160 (1964).

The statutory scheme contemplates that the surviving spouse's right of dissent is established by a mathematical computation. *See Phillips v. Phillips*, 296 N.C. 590, 252 S.E. 2d 761 (1979). G.S. § 30-1(c) provides as follows:

(c) For the purpose of establishing the right of dissent, the estate of the deceased spouse and the property passing outside of the will to the surviving spouse as a result of the death of the testator shall be determined and valued as of the date of his death, *which determination and value the executor or administrator with the will annexed and the surviving spouse are hereby authorized to establish by agreement subject to approval by the clerk of the superior court.* If such personal representative and the surviving spouse do not so agree upon the determination and value, or if the surviving spouse is the personal representative, or if the clerk shall be of the opinion that the personal representative may not be able to represent the estate adversely

---

[1]The formulation which is necessary to establish the right of dissent varies, of course, in situations not relevant to the present case. G.S. § 30-1 (1976).

to the surviving spouse, the clerk shall appoint one or more disinterested persons to make such determination and establish such value. Such determination and establishment of value made as herein authorized shall be final for determining the right of dissent and shall be used exclusively for this purpose. (Emphasis added.)

[1] As set forth above, plaintiff has stated her valuation of her late husband's estate, her share of the estate which she stands to take under the terms of his will, and the share which she would be entitled to take by intestate succession in the event it is determined that she has the right to dissent. By so stating, fairness and logic dictate that plaintiff ought to be held to her computation, absent some showing of excusable neglect. In conceding before this court that plaintiff does indeed have the right to dissent from her husband's will, defendants have implicitly assented to her valuation of the estate and her testate and intestate shares thereof.

Because the statute does not prescribe a particular method by which an agreement between the surviving spouse and the personal representative may be memorialized, the parties' course of conduct in the present case is sufficient to establish a meeting of the minds in this regard. In short, the parties to this litigation have complied with the provisions of G.S. § 30-1(c) except for procuring the approval of the clerk of their valuation. Upon obtaining that approval, plaintiff's right to dissent will be established as a matter of law. Absent a showing that the parties have failed to act in an arm's length manner, or that the rights of creditors of the estate would be adversely affected thereby, the clerk ought to abide by this agreement. *See Phillips v. Phillips, supra.* Accordingly, the cause must be remanded, ultimately, to the clerk for further appropriate proceedings which would result either in his approval or his disapproval of the valuation before us in the present record. Without this approval, the record in the instant case is inadequate to establish plaintiff's right to dissent.

However, assuming, *arguendo*, that plaintiff has the right to dissent from her husband's will, the application of the provisions of G.S. § 30-1(c) will not completely resolve the issue of standing posed to us by the present litigation. Indeed, that

question compels us to examine other related statutory provisions in order to arrive at a resolution of the case.

Any person who is otherwise entitled to dissent from the will of his or her deceased spouse may do so by filing such dissent with the clerk of the superior court of the county in which the will is probated at any time within six months after the issuance of letters testamentary or of administration. G.S. § 30-2 (1976). Though plaintiff filed her notice of dissent in the office of the clerk of court where her late husband's will had been filed for probate, she did so slightly more than six weeks before D. Wayne Taylor qualified as administrator C.T.A. Plaintiff's superficially premature filing was not fatally inopportune. The six month period which is delineated by G.S. § 30-2 is not a condition precedent to the exercise of the right of dissent but merely a statute of limitations which serves to cut off the time in which a spouse may resort to the courts to enforce it. *First-Citizens Bank & Trust Co. v. Willis*, 257 N.C. 59, 125 S.E. 2d 359 (1962); *Whitted v. Wade*, 247 N.C. 81, 100 S.E. 2d 263 (1957).

[2] Any interested party may obtain a declaration of rights, status, or any other legal relation under a will by bringing an action for declaratory judgment. G.S. § 1-254 (1969); *First-Citizens Bank & Trust Co. v. Carr*, 279 N.C. 539, 184 S.E. 2d 268 (1971); *see generally* 1 N. Wiggins, *Wills and Administration of Estates in North Carolina* § 130 (1964). By filing her notice of dissent, to which defendants have implicitly assented, plaintiff has staked herself to a theory which is inconsistent with the status of a party who is interested, in the legal sense of that term, in the legal effect of a will. While it is true that her right to dissent has not been fully adjudicated before the clerk, such a conclusion must necessarily follow upon his approval of her computations. By electing to take her intestate share of her husband's estate and seeking a court order directing the personal representative to deliver that share to her, plaintiff has abandoned her right to bring an action for construction of the will. It is well established that upon dissenting from the will of a deceased spouse, the surviving spouse terminates all of her interests under that will. *Gomer v. Askew*, 242 N.C. 547, 89 S.E. 2d 117 (1955); *Wachovia Bank & Trust Co. v. Green*, 236 N.C. 654, 73 S.E. 2d 879 (1953).

Taylor v. Taylor

Under the terms of Judge Bailey's judgment, the challenged devises were declared void for vagueness. Accordingly, by virtue of the residuary clause of her husband's will, plaintiff stood to take outright the real property that would otherwise have passed through the attempted devises. G.S. § 31-42(c) (Supp. 1979). We do not reach the question whether Judge Bailey erred in his holding. Since plaintiff has functionally dissented from her husband's will, subject only to an essentially ministerial act on the part of the clerk of Orange Superior Court, she has abandoned her right to claim property under the residuary clause of the will she now seeks to challenge.

We are aware that North Carolina has a qualified dissent statute. It is only upon demonstrating that he or she qualifies under a mathematical computation that a surviving spouse is entitled to dissent from the will of his or her late spouse. G.S. § 30-1 (1976). We recognize that it is not always apparent from the face of the will and the accounting of the assets of the subject estate that a surviving spouse will be entitled to dissent. This is particularly true in situations where clauses of the will are open to question by way of construction or where the will itself is subject to challenge. In those situations, the General Assembly has provided a method by which the surviving spouse may preserve his or her potential right to dissent.

It will be recalled that a surviving spouse must file his or her dissent no later than six months after the issuance of letters testamentary or administration. G.S. § 30-2(a) (1976). However, that same statute goes on to provide that if litigation that affects the share of the surviving spouse is pending at the expiration of that time period, then the surviving spouse is entitled to file a dissent within such reasonable time as may be ordered by the clerk of the superior court. *Id.; see generally* 1 N. Wiggins, *Wills and Administration of Estates in North Carolina* § 160 (1964). Implicit in the extension of time so provided is the requirement that any action for construction of a will be filed *before* the filing of the notice of dissent. Plaintiff has failed to so conduct the present litigation. It follows, therefore, that the trial court erred in failing to grant defendants' motion to dismiss.

The decision of the Court of Appeals is reversed and this cause is remanded to that court with directions to vacate the

judgment entered by Judge Bailey and remand the case to Orange Superior Court for further proceedings before the clerk not inconsistent with this opinion.

Reversed and remanded.

Justice BROCK took no part in the consideration and decision of this case.