RICHARD REAVIS, RALPH REAVIS, CHESTER P. MIDDLESWORTH, ALLAN JOHNSON, HENRY CONRAD, ROBERT GARRISON, J. L. HOPE, WILLIAM HOPE, WILLIAM CROSSWHITE, HOWARD BRYAN, AND AUTO EQUIPMENT, INC., A CORPORATION v. ECOLOGICAL DEVELOPMENT, INC., A CORPORATION

No. 8022SC1058

(Filed 18 August 1981)

**Attorneys at Law § 7.4; Mortgages and Deeds of Trust § 32.1— language in promissory note providing for attorneys' fees upon default—no violation of Anti-Deficiency Judgment statute—summary judgment proper**

Where plaintiff, after foreclosing on defendant's property, brought suit to recover attorneys' fees and expenses incurred in the foreclosure proceedings and such right to attorneys' fees and expenses was expressly provided for in the promissory note executed by the parties and incorporated in the deed of trust, summary judgment was properly granted for plaintiff as the recovery is authorized by statute (G.S. 6-21.2) and does not represent a deficiency in violation of the Anti-Deficiency Judgment statute (G.S. 45-21.38).

APPEAL by defendant from *Collier, Judge.* Judgment entered 25 July 1980 in Superior Court, IREDELL County. Heard in the Court of Appeals 1 May 1981.

The facts in this case are not in dispute. On 2 August 1978, plaintiffs conveyed, by separate deeds, three tracts of land valued at $720,213.70 to the defendant. In return, defendant executed and delivered to the plaintiffs three promissory notes and three purchase money deeds of trust. Subsequently, defendant defaulted on the notes, and plaintiffs foreclosed on the property. After foreclosure, plaintiffs brought this action to recover attorneys' fees and expenses of $162,161.42. Plaintiffs moved for summary judgment relying on the following language in the promissory notes:

> Upon default, the holder of this note may employ an attorney to enforce the holder's rights and remedies and the maker . . . of this note hereby agree[s] to pay to the holder the sum of fifteen (15%) percent of the outstanding balance owing on said note for reasonable attorney's fees, plus all other reasonable expenses incurred by the holder in exercising any of the holder's rights and remedies upon default.

Based on the pleadings and supporting documents, the trial court granted summary judgment for the plaintiffs, and defendant appeals from that judgment.

*McElwee, Hall, McElwee & Cannon, by John E. Hall and William F. Brooks, and Vannoy & Reeves, by Wade E. Vannoy, for defendant appellants.*

*Pope, McMillan, Gourley & Kutteh, by William P. Pope, and Bondurant & Lassiter, by T. Michael Lassiter, for plaintiff appellees.*

BECTON, Judge.

The propriety of the trial court's grant of summary judgment depends upon whether the recovery of attorneys' fees and expenses in this case is against public policy and affected by North Carolina's Anti-Deficiency Judgment statute, G.S. 45-21.38.[1] De-

---

1. G.S. 45-21.38. Deficiency judgments abolished where mortgage represents part of purchase price.—In all sales of real property by mortgagees and/or trustees

fendant argues that the language of the statute as well as certain provisions in the deeds of trust should limit plaintiffs' recovery to the encumbered property only, thereby precluding the separate recovery of attorneys' fees and expenses.

G.S. 45-21.38 essentially provides that upon default by a purchase-money mortgagor, the holder of the promissory note may foreclose only on the property; the holder is prohibited from also bringing suit to recover a "deficiency"—a decline in the value of the property. The historical purpose of the Anti-Deficiency Judgment statute was to protect purchasers in times of economic distress from losing their property as well as having to pay for the property's depreciated value. As our Supreme Court recently held, "the manifest intention of the Legislature was to limit the creditor to the property conveyed when the note and mortgage or deed of trust are executed to the seller of the real estate and . . . are for the purpose of securing the balance of the purchase price." *Realty Co. v. Trust Co.*, 296 N.C. 366, 370, 250 S.E. 2d 271, 273 (1979).

Defendant also directs our attention to the language in the deed of trust which provides: "[t]he parties of the third part [plaintiffs] agree to look solely to the real property encumbered by this instrument for their security and not to seek any deficiency judgment." Defendant contends that this language precludes plaintiffs from recovering, in a proceeding separate from foreclosure, attorneys' fees and expenses. Thus, from two bases—the Anti-Deficiency Judgment statute and the above-quoted language in the deed of trust—defendant argues that the trial court's order to pay plaintiffs' attorneys' fees and expenses

under powers of sale contained in any mortgage or deed of trust executed after February 6, 1933, or where judgment or decree is given for the foreclosure of any mortgage executed after February 6, 1933, to secure to the seller the payment of the balance of the purchase price of real property, the mortgagee or trustee or holder of the notes secured by such mortgage or deed of trust shall not be entitled to a deficiency judgment on account of such mortgage, deed of trust or obligation secured by the same: Provided, said evidence of indebtedness shows upon the face that it is for balance of purchase money for real estate: Provided, further, that when said note or notes are prepared under the direction and supervision of the seller or sellers, he, it, or they shall cause a provision to be inserted in said note disclosing that it is for purchase money of real estate; in default of which the seller or sellers shall be liable to purchaser for any loss which he might sustain by reason of the failure to insert said provisions as herein set out.

is equivalent to a deficiency judgment. Under the facts and circumstances of this case, we disagree.

A deficiency under G.S. 45-21.38 refers to an indebtedness which represents the balance of the original purchase price for the real estate not recovered through foreclosure. The attorneys' fees and expenses in this case do not represent the unrecovered "balance of purchase money for [the] real estate," G.S. 45-21.38; the fees represent the costs of foreclosing on the property. Moreover, defendant — a corporation actively involved in land purchases and development, and represented by counsel — negotiated with plaintiffs for the purchase of the land and *agreed* to the provisions in the promissory note providing for the payment of attorneys' fees and expenses upon default. The defendant is not being held liable for a decline in the property value representing a deficiency; rather, defendant, as the party in default, is paying the agreed upon costs of plaintiffs in recovering the depreciated property. The defendant agreed to this arrangement, and should not now be permitted to escape liability. Our Anti-Deficiency Judgment statute does not control recovery in this case. Moreover, in accordance with, and not in derrogation of, the agreed upon language in the deed of trust, plaintiffs "look[ed] solely to the real property encumbered by [the] instrument for their security and [did not] seek any deficiency judgment."

Although "provisions calling for a debtor to pay attorney's fees incurred by a creditor in the collection of a debt" have long been considered against public policy, *Enterprises, Inc. v. Equipment Co.*, 300 N.C. 286, 290, 266 S.E. 2d 812, 815 (1980); *Tinsley v. Hoskins*, 111 N.C. 340, 16 S.E. 325 (1892), such provisions are enforceable when specifically authorized by statute. *Enterprises, Inc. v. Equipment Co.; Supply, Inc. v. Allen*, 30 N.C. App. 272, 227 S.E. 2d 120 (1976). G.S. 6-21.2 "represents a far-reaching exception to the well-established rule against attorney's fees obligations," *Supply, Inc. v. Allen*, 30 N.C. App. at 276, 227 S.E. 2d at 124, and specifically approves of an obligation to pay reasonable attorneys' fees found in *any* note "or other evidence of indebtedness." G.S. 6-21.2. G.S. 6-21.2 was enacted in 1967; G.S. 45-21.38 was enacted in 1933. In enacting G.S. 6-21.2, we presume the Legislature acted with care and deliberation and with full knowledge of prior and existing law. *State v. Benton*, 276 N.C. 641, 174 S.E. 2d 793 (1970); *State v. Hutson*, 10 N.C. App. 653, 179 S.E. 2d 858 (1971). The

Legislature made no exceptions in G.S. 6-21.2 for purchase-money notes and made no reference to G.S. 45-21.38. Reasonable attorneys' fees under G.S. 6-21.2.(2) are construed to mean no more than 15% of the outstanding balance owing on the note or on other evidence of indebtedness. In the case at bar, the note signed by the defendant provided for the payment of 15% of the outstanding debt as attorneys' fees upon default. The note itself was specifically incorporated by reference in the Deed of Trust. In summary, then, the provision for attorneys' fees, found in the promissory note given by the defendant to the plaintiffs and incorporated in the Deeds of Trust, is properly authorized by statute (G.S. 6-21.2), and recovery of the fees does not represent a deficiency in violation of our Anti-Deficiency Judgment statute (G.S. 45-21.38).

For these reasons, we find the trial court's grant of summary judgment for plaintiffs proper in all respects. Therefore, we

Affirm.

Judge MARTIN (Robert M.) and Judge WHICHARD concur.