MARION BASCUM MERRITT, FRANCES M. SMITH, HENRY C. MERRITT, ELEANOR M. JORDAN AND HENRY C. SMITH IN HIS CAPACITY AS GUARDIAN FOR WILLIAM P. MERRITT v. EDWARDS RIDGE, A GENERAL PARTNERSHIP, JOHN W. COFFEY, PHILIP E. WALKER AND PAMELA A. McCULLOUGH, INDIVIDUALLY AND AS PARTNERS

No. 8715SC408

(Filed 15 December 1987)

1. **Attorneys at Law § 7.4; Mortgages and Deeds of Trust § 32.1— foreclosure of purchase-money deed of trust—recovery of attorney's fees and foreclosure expenses**

   The anti-deficiency judgment statute, N.C.G.S. § 45-21.38, does not bar a purchase-money mortgagee from recovering from a defaulting purchase-money mortgagor attorney's fees and the expenses of foreclosure, including the trustee's commission, where such recovery was expressly provided for in the promissory note executed by the parties. Nor does N.C.G.S. § 45-21.31(a) prohibit recovery of the expenses of foreclosure from the defaulting purchase-money mortgagor.

2. **Attorneys at Law § 3— foreclosure—trustee acting as attorney for noteholders**
    Ethics Opinion 166 of the N. C. State Bar did not prohibit the trustee
    from acting as attorney for the noteholders in enforcing their rights under the
    note and deed of trust where there was no contest in the foreclosure action.

APPEAL by defendants from *Hobgood, Robert H., Judge.*
Order entered 2 March 1987 in ORANGE County Superior Court.
Heard in the Court of Appeals 28 October 1987.

The facts in this case are not in dispute. On 26 January 1982,
plaintiffs conveyed to defendants an 80.55-acre tract of land in
Chatham County and accepted in return two purchase-money
promissory notes in the total amount of $200,000.00, secured by a
purchase-money deed of trust on the property. Both notes con-
tained the following term:

> Upon default the holder of this note may employ an at-
> torney to enforce the holder's rights and remedies and the
> maker, principal, surety, guarantor and endorsers of this note
> hereby agree to pay to the holder the sum of fifteen percent
> (15%) of the outstanding balance owing on said note for rea-
> sonable attorney's fees, plus all other reasonable expenses in-
> curred by the holder in exercising any of the holder's rights
> and remedies upon default.

The provisions of the promissory notes were expressly incor-
porated by reference into the deed of trust.

Subsequently, defendants defaulted on the notes, and plain-
tiffs foreclosed on the property. After foreclosure, plaintiffs sued
to recover attorney's fees and expenses, as provided for in the
notes. Upon defendants' denial of liability, plaintiffs moved the
court for summary judgment. Based on the pleadings and support-
ing documents, the trial court allowed plaintiffs' motion, and
defendants appealed.

*Bayliss, Hudson & Merritt, by Ronald W. Merritt, for plain-*
*tiff-appellees.*

*Northen, Blue, Little, Rooks, Thibaut & Anderson, by J. Wil-*
*liam Blue, Jr., for defendant-appellants.*

WELLS, Judge.

[1]   The principal question presented is whether North Carolina's Anti-Deficiency Judgment statute, N.C. Gen. Stat. § 45-21.38, bars a purchase-money mortgagee from recovering from a defaulting purchase-money mortgagor attorney's fees and the expenses of foreclosure, including the trustee's commission, where such recovery was expressly provided for in the promissory notes executed by the parties. Plaintiffs contend that this question was squarely addressed and resolved in *Reavis v. Ecological Development, Inc.*, 53 N.C. App. 496, 281 S.E. 2d 78 (1981). In *Reavis*, as in the present case, the purchase-money creditor brought suit, after foreclosure, to recover attorney's fees and expenses, as expressly provided for in a promissory note. The defendants in *Reavis* argued, as do defendants in the present case, that North Carolina's Anti-Deficiency Judgment statute bars the recovery of costs and attorney's fees in such transactions. Our Court disagreed. We held that G.S. § 45-21.38 only prohibits a purchase-money creditor from suing to recover for a decline in the value of the property conveyed:

> A  deficiency  under  G.S.  45-21.38  refers  to  an indebtedness which represents the balance of the original purchase price for the real estate not recovered through foreclosure. The attorneys' fees and expenses in this case do not represent the unrecovered "balance of purchase money for [the] real estate," G.S. 45-21.38; the fees represent the costs of foreclosing on the property.

Defendants in the present case rely chiefly on *Ross Realty Co. v. First Citizens Bank & Trust Co.*, 296 N.C. 366, 250 S.E. 2d 271 (1980), in which our Supreme Court held that the Anti-Deficiency Judgment statute not only abolishes deficiency judgments *after* foreclosure of a purchase-money mortgage or deed of trust, but also prohibits an action on the note even in the absence of an antecedent foreclosure of the mortgage or deed of trust securing the note. Defendants direct our attention to such broad language in *Ross* as the following:

> While the statute now codified as G.S. 45-21.38 is not artfully drawn, we think the manifest intention of the Legislature was *to limit the creditor to the property conveyed* when the note and mortgage or deed of trust are executed to the

seller of the real estate and the securing instruments state that they are for the purpose of securing the balance of the purchase price. [Emphasis added.]

Defendants contend that G.S. 45-21.38, as construed broadly in *Ross*, strips purchase-money creditors of the right to bring action on *any* term or provision of a secured note and limits the note-holder strictly and narrowly to the proceeds of the foreclosure sale, regardless what the terms of the note provide. They contend that to permit the recovery of attorney's fees and expenses threatens circumvention of the statute and defeat of its historical purpose.

We agree with plaintiffs that *Reavis* controls the decision of the present lawsuit. *Reavis* is not inconsistent with *Ross. Ross* enforces the statutory prohibition against suing on the note for the unpaid balance of the purchase price. *Reavis* merely permits the recovery of attorney's fees and expenses after default and foreclosure, insofar as attorney's fees and expenses are not part of the balance owing on the note. We note that the language of the term providing for attorney's fees and expenses given effect in *Reavis* is identical to the language of the term promising payment challenged in the present case.

Defendants further contend that in the light of the terms of the deed of trust and the provisions of N.C. Gen. Stat. § 45-21.31(a) the expenses of foreclosure should have been deducted from the proceeds of the sale and are not recoverable from them. The deed of trust provides that the proceeds received from the foreclosure sale be applied first to pay the trustee's commission, next to pay the costs of foreclosure, and finally to pay the amount due on the notes. The provisions of G.S. § 45-21.31(a) require that the proceeds of a foreclosure sale be applied first to the costs and expenses of the sale, including the trustee's commission, next to taxes due and unpaid on the property, next to special assessments as designated by statute, then finally to the obligation secured by the deed of trust.

But defendants fail to recognize that the costs of a foreclosure sale must be debited to the foreclosing noteholder, who receives that much less from the sale. In fact, plaintiffs in the present case *have* paid the costs of the foreclosure sale, and they are here seeking indemnifying recovery of those expenses in ac-

cordance with the terms of the promissory notes which were, as indicated *supra*, incorporated by reference into the deed of trust.

[2] Relying on Ethics Opinion 166 of the N.C. State Bar, defendants further contend that the trustee could not legally act as attorney for the noteholders in enforcing their rights under the notes and deed of trust. We disagree. Opinion 166 merely enjoins an attorney/trustee from representing a noteholder "in a role of advocacy" at a foreclosure proceeding. The record in the present case discloses no contest in the foreclosure action. Defendants did not appear at the foreclosure hearing and have never denied their default nor contested plaintiffs' right to foreclose.

We have carefully examined the rest of defendants' assignments of error and find them to be without merit.

For the reasons elaborated above, plaintiffs were entitled to judgment as a matter of law. It follows that the trial court's allowance of plaintiffs' Motion for Summary Judgment must be, and is,

Affirmed.

Judges JOHNSON and COZORT concur.