ERNEST D. JEFFERYS, ADMINISTRATOR OF THE ESTATE OF DARRYL LEON JEFFERYS, DECEASED v. JAMES W. TOLIN, JR., GUARDIAN AD LITEM FOR TAMEKA L. LESTER, MINOR, AND DARRYL DEVON LESTER, MINOR; AND THOMAS L. FITZGERALD, GUARDIAN AD LITEM FOR SEDRICK SANCHEZ JEFFERYS AND KENDRICK LACHEZ JEFFERYS, MINORS; AND WALTER B. CATES, GUARDIAN AD LITEM FOR UNKNOWN HEIRS OF DARRYL LEON JEFFERYS, DECEASED

No. 879SC1126

(Filed 17 May 1988)

**Limitation of Actions § 11— illegitimate children—timely notice of claim against father's estate—tolling of statute of limitations because of infancy**

N.C.G.S. § 1-17, providing for the tolling of most limitations periods during a person's minority, applied to N.C.G.S. § 29-19(b), providing that illegitimate children must give written notice of a claim upon the estate of their putative fathers within six months after the date of first publication or posting of the general notice to creditors; therefore, the notice of plaintiff children's claim which was filed more than six months after publication of the notice to creditors but within six months of the appointment of the guardian ad litem was timely.

Chief Judge HEDRICK dissenting.

APPEAL by plaintiff from *Hobgood (Robert H.), Judge.* Judgment entered 19 August 1987 in Superior Court, PERSON County. Heard in the Court of Appeals 6 April 1988.

This is a declaratory judgment action. Plaintiff is the administrator of the estate of Darryl Leon Jefferys, who died intestate on 14 September 1985. Defendant James W. Tolin, Jr. is the guardian ad litem for Tameka L. Lester and Darryl Devon Lester, both of whom are illegitimate children of Mr. Jefferys. Prior to his death, Mr. Jefferys executed and filed with the district court an acknowledgment of paternity for both Tameka and Darryl.

Beginning on 23 September 1985, plaintiff administrator published a general notice to creditors in a newspaper of general circulation in Person County, stating that all claims against the estate should be served on the administrator by 24 March 1986. Neither of the children nor their mother filed notice of a claim against the estate. On 9 January 1987, Attorney James Tolin was appointed as the children's guardian ad litem. On 1 July 1987, he served plaintiff with notice that the minor children, Tameka and Darryl, were claiming an interest in the estate.

As administrator, plaintiff filed this declaratory judgment action on 13 January 1987 seeking a determination of Mr. Jefferys' rightful heirs. The trial court concluded that the children met the requirements of G.S. 29-19(b)(2) and were therefore entitled to take property from their father's estate. Plaintiff appeals.

*Ronnie P. King, for the plaintiff-appellant.*

*James W. Tolin, Jr., for the defendant-appellee.*

EAGLES, Judge.

G.S. 29-19(b) provides that, for purposes of intestate succession, an illegitimate child may take by, through, and from the estate of:

(1) Any person who has been finally adjudged to be the father of such child pursuant to the provisions of G.S. 49-1 through 49-9 or the provisions of G.S. 49-14 through 49-16;

(2) Any person who has acknowledged himself during his own lifetime and the child's lifetime to be the father of such child in a written instrument executed or acknowledged before a certifying officer named in G.S. 52-10(b) and filed during his own lifetime and the child's lifetime in the office of

the clerk of superior court of the county where either he or the child resides.

Notwithstanding the above provisions, no person shall be entitled to take hereunder unless he has given written notice of the basis of his claim to the personal representative of the putative father within six months after the date of the first publication or posting of the general notice to creditors.

G.S. 29-19(b). The parties do not dispute that Tameka and Darryl Lester qualify under G.S. 29-19(b)(2) and, if timely notice had been given, would take from their father's estate. It is also not disputed that the notice of their claim was filed more than six months after publication of the notice to creditors but within six months of the appointment of the guardian ad litem. G.S. 1-17 provides for the tolling of most limitations periods during a person's minority. Where a guardian ad litem is appointed for a minor, the limitation period begins to run from the time of the appointment. *Teele v. Kerr*, 261 N.C. 148, 134 S.E. 2d 126 (1964). Here, the guardian gave notice of the children's claim within six months after his appointment. Therefore, the dispositive issue is whether G.S. 1-17 applies to toll the six month period in G.S. 29-19(b). We hold that it does.

The applicability of G.S. 1-17 is not limited to the statutes of limitation found in Chapter 1 of the North Carolina General Statutes. In *Whitted v. Wade*, 247 N.C. 81, 100 S.E. 2d 263 (1957), the Court applied G.S. 1-17 to the six month period in which a widow is required to give notice of her dissent from her husband's will. The Court held that since the six month period was a statute of limitations, G.S. 1-17 was applicable. Similarly here, we construe the six month limitation period in G.S. 29-19(b) as a statute of limitation which is subject to being tolled under the provisions of G.S. 1-17. G.S. 29-19 confers upon illegitimate children the same rights enjoyed by legitimate children under our laws of intestate succession once there is proper adjudication or acknowledgment of paternity. Notification of the personal representative within six months of published notice to creditors does not establish or define the illegitimate child's right but merely sets a time limitation for an illegitimate child to seek its enforcement. *See generally Bolick v. American Barmag Corp.*, 306 N.C. 364, 293 S.E. 2d 415 (1982). Accordingly, we hold that the trial court correctly declared

that Tameka and Darryl Lester were the rightful heirs of their father's estate.

Affirmed.

Judge PHILLIPS concurs.

Chief Judge HEDRICK dissents.

Chief Judge HEDRICK dissenting.

G.S. 1-271 states that "[a]ny party aggrieved may appeal in the cases prescribed in this Chapter." A "party aggrieved" is one whose rights have been directly and injuriously affected by a judgment entered by a court. *Freeman v. Thompson*, 216 N.C. 484, 5 S.E. 2d 434 (1939). Where a party is not aggrieved, his appeal must be dismissed. *Boone v. Boone*, 27 N.C. App. 153, 218 S.E. 2d 221 (1975).

Our Supreme Court in *Dickey v. Herbin*, 250 N.C. 321, 326, 108 S.E. 2d 632, 635 (1959), states:

An executor or administrator may not secure review of a judgment, order or decree merely determining the rights as between the parties entitled to the estate or distributing the estate or a part thereof among heirs, next of kin, devisees, or legatees where the court had jurisdiction, unless there are exceptional circumstances taking the case out of the general rule. . . .

While I recognize an administrator's right to bring an action for a declaration of rights or legal relations under G.S. 1-255 in order to ascertain a class of creditors, devisees, legatees, heirs, next of kin or others, I do not acknowledge a right to appellate review of a judgment of a court of competent jurisdiction which has declared the administrator's rights and duties in such a way that the testator's estate is not adversely affected. *See Dickey v. Herbin*, 250 N.C. 321, 108 S.E. 2d 632 (1959). I do not find the superior court's judgment in any way adverse to the estate; therefore, the administrator is not a "party aggrieved" and the appeal should be dismissed.

It is the duty of the administrator or executor to preserve and protect the assets of the estate. The administrator or executor is not preserving and protecting the assets of an estate in appealing a decision of the superior court in this case. I am sure the legal expenses incurred in pursuing this appeal will be charged against the estate. All costs in this case, in my opinion, should not be charged against the estate. I vote to dismiss the appeal.