IN THE MATTER OF THE ESTATE OF ROBERT OWENS, DECEASED

No. 9417SC171

(Filed 15 November 1994)

**Limitations, Repose, and Laches § 119 (NCI4th)— dissent from will—six-month statute of limitation tolled by wife's disability**

N.C.G.S. § 1-17 worked to toll the six-month statute of limitations period provided by N.C.G.S. § 30-2 for an incompetent wife to dissent from her husband's will.

**Am Jur 2d, Limitation of Actions §§ 182 et seq.**

Appeal by respondents from order entered 14 December 1993 by Judge James A. Beaty, Jr., in Stokes County Superior Court. Heard in the Court of Appeals 5 October 1994.

Robert Owens died testate on 4 May 1992, survived by his wife, Verlie J. Owens. Robert Owens' Last Will and Testament made no provision for his wife, except for the following:

ARTICLE IV

If my wife, VERLIE JESSUP OWENS, should survive me, I direct that my Executrices hereinafter named make provision from the assets of my estate for her funeral expenses, and I direct that they erect a suitable monument at her gravesite. I have made no pro-

IN RE ESTATE OF OWENS

[117 N.C. App. 118 (1994)]

vision for my wife by reason of the fact that she is now an Alzheimers disease patient at a nursing home facility, and I am confident that my half-sisters, MARGARET RUTH OWENS WRIGHT and FLORENCE OWENS ALLEY, will provide for her modest needs during the continuance of her life.

The will was probated in Stokes County on 19 May 1992 and letters testamentary were issued to Margaret Ruth Owens Wright and Florence Owens Alley as co-executrices of the estate.

A final account was filed on 14 June 1993, and the co-executrices were discharged. The final account shows the total assets of the estate amounted to $209,021.16 and that disbursements were $38,835.20, leaving a balance for distribution to the beneficiaries of the estate of $170,185.96.

Subsequent to the filing of the final account, a general guardian was appointed for Verlie Owens. On 6 October 1993, Mrs. Owens' guardian filed a dissent from the will of Robert Owens and petitioned that the estate be reopened. On 22 October 1993, the co-executrices of the estate filed a response admitting that Verlie Owens was incompetent throughout the administration of the estate, but asserting the provisions of G.S. § 30-2(b) as a bar to her right to dissent from her husband's will. After a hearing, the Clerk of Superior Court entered an order ruling that the dissent to the will of Robert Owens by the guardian of Verlie Owens was timely filed and that Verlie Owens was entitled to dissent.

The co-executrices appealed to the Superior Court. The Superior Court affirmed the order of the clerk and ordered that the estate be re-opened. Respondent co-executrices gave notice of appeal.

*Gardner, Gardner and Johnson, by John C. W. Gardner, for respondent-appellants.*

*Stover, Cromer & Bennett, by Michael R. Bennett, for petitioner-appellee.*

MARTIN, Judge.

Respondent co-executrices argue on appeal that Verlie Owens had, pursuant to G.S. § 30-2, six months from the date letters testamentary were issued to them to dissent from the will, regardless of her competency to do so, and that her attempt to dissent almost seventeen months after the will entered probate should have been denied

according to the express wording of the statute. We disagree and affirm the order of the trial court.

G.S. § 30-2 reads in pertinent part:

30-2. Time and manner of dissent.

(a) Any person entitled under the provisions of G.S. 30-1 to dissent from the will of his or her deceased spouse, may do so by filing such dissent with the clerk of the superior court of the county in which the will is probated, at any time within six months after the issuance of letters testamentary or of administration with the will annexed, or if litigation that affects the share of the surviving spouse is pending at the expiration of the time allowed for filing the dissent, then within such reasonable time as may be allowed by written order of the clerk of the superior court.

(b) The dissent shall be in writing signed and acknowledged by the surviving spouse or his or her duly authorized attorney; provided, however, if the surviving spouse is a minor or an incompetent, the dissent may be executed and filed by the general guardian, or by the guardian of the person or estate of the minor or incompetent spouse. If the minor or incompetent spouse has no guardian, the dissent may be executed and filed by a next friend appointed by the clerk of the superior court of the county in which the will is probated.

. . .

(d) If no dissent is filed in the manner and within the time provided for in subsections (a), (b) and (c) of this section the surviving spouse shall be deemed to have waived his or her right to dissent.

The statute is clear that a surviving spouse has six months from the issuance of letters testamentary or of administration to dissent, and upon failing to dissent within the statutory period, the spouse is deemed to have waived that right. "The six month period which is delineated by G.S. 30-2 is . . . a statute of limitations which serves to cut off the time in which a spouse may resort to the courts to enforce it." *Taylor v. Taylor*, 301 N.C. 357, 364, 271 S.E.2d 506, 511 (1980).

However, G.S. § 1-17 provides that "[a] person entitled to commence an action who is at the time the cause of action accrued either . . . (3) [i]ncompetent as defined in G.S. 35A-1101(7) or (8) may bring

**IN RE ESTATE OF OWENS**

[117 N.C. App. 118 (1994)]

his action within the time herein limited, after the disability is removed." N.C. Gen. Stat. § 1-17. Where a guardian is appointed, the limitations period begins to run from the time of the appointment. *Jefferys v. Tolin*, 90 N.C. App. 233, 368 S.E.2d 201 (1988). G.S. § 35A-1101(7) provides:

> "Incompetent adult" means an adult or emancipated minor who lacks sufficient capacity to manage his own affairs or to make or communicate important decisions concerning his person, family, or property whether such lack of capacity is due to mental illness, mental retardation, epilepsy, cerebral palsy, autism, inebriety, senility, disease, injury, or similar cause or condition.

Respondents acknowledge, and the clerk found, that Verlie Owens was incompetent and without a guardian at all times during the administration of her husband's estate. Thus, it is clear that all statutes of limitations for civil actions under Chapter 1 of the General Statutes applicable to her were tolled by G.S. § 1-17 until the removal of her disability or the appointment of a guardian. The sole remaining question is whether the six-month period of limitation of G.S. § 30-2 for dissenting from a will in probate is a statute of limitations which can be tolled by G.S. § 1-17 for a disability.

Petitioner argues that G.S. § 1-17 is not applicable to G.S. § 30-2 because G.S. § 30-2 is a "special case" with a different limitation prescribed by a statute other than Chapter 1 of the General Statutes. *See* N.C. Gen. Stat. § 1-15(a). However, we have previously held that "[t]he applicability of G.S. 1-17 is not limited to the statutes of limitation found in Chapter 1 of the North Carolina General Statutes." *Jefferys*, 90 N.C. App. at 235, 368 S.E.2d at 202. In *Jefferys*, we held G.S. § 1-17 applicable to toll the operation of G.S. § 29-19(b), which imposes a six-month period of limitation for giving written notice to a putative father's personal representative when an illegitimate child is attempting to take from the father's estate through intestate succession.

Moreover, in *Whitted v. Wade*, 247 N.C. 81, 100 S.E.2d 263 (1957), our Supreme Court addressed this precise question under an earlier statute and held that G.S. § 1-17 worked to toll the six-month statute of limitations period provided by former G.S. § 30-1 for an incompetent wife to dissent from her husband's will. The earlier statute provided as follows:

> 30-1. **Time and manner of dissent.** Every widow may dissent from her husband's will before the clerk of the superior court of

the county in which such will is proved, at any time within six months after the probate . . . If the widow be an infant, or insane, she may dissent by her guardian.

N.C. Gen. Stat. § 30-1 (1957) (amended 1959). The Supreme Court succinctly held, "[s]ince, therefore, G.S. 30-1 is a statute of limitation, G.S. 1-17 applies to this case." *Id.* at 84, 100 S.E.2d at 266. The six-month limitation period was deemed tolled for a mentally incompetent wife attempting to dissent upon the appointment of a guardian four years after the will entered probate. *Accord: Trust Co. v. Willis,* 257 N.C. 59, 125 S.E.2d 359 (1962).

In 1959, the North Carolina General Assembly revised the statutes governing dissents from wills. 1959 N.C. Sess. Laws Ch. 880. Former G.S. § 30-1 was divided into two separate statutes: G.S. § 30-1 providing for the right of a surviving spouse to dissent from the will of his or her deceased spouse, and G.S. § 30-2 providing for the time and manner of dissent. Nothing in the revision, however, indicates any intent by the legislature to invalidate the application of G.S. § 1-17 to toll the statute of limitations for dissent now found in G.S. § 30-2. We must presume that when it enacted G.S. § 30-2, the legislature acted with full knowledge of the law set forth in *Whitted. Wilder v. Amatex Corp.,* 314 N.C. 550, 336 S.E.2d 66 (1985); *Reavis v. Ecological Development, Inc.,* 53 N.C. App. 496, 281 S.E.2d 78 (1981).

Affirmed.

Judges JOHNSON and THOMPSON concur.